No. 30,589.

MARKSHEFFEL-SILL MOTORS, INC., *Appellee,* v. L. W. POPEJOY, *Appellant.*

(11 P. 2d 693.)

Opinion filed June 4, 1932.

*W. L. Sayers,* of Hill City, for the appellant.
*George D. Freeze,* of Goodland, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This was an action in replevin, whereby the plaintiff sought to recover an automobile on which it held a mortgage.

The original petition alleged that the plaintiff was the owner of a Dodge automobile; that the value of plaintiff's special ownership in the car under and by virtue of its chattel mortgage was the sum of $684.67, and that plaintiff had demanded possession of the car, which the defendant unlawfully refused. In the trial of the case, with the consent of the court, the plaintiff filed an amended and supplemental petition in which it set out the note described in the mortgage, which was in the amount of $650, payable in two install-

ments in the amount of $325 each, on October 1, 1930, and January 1, 1931, respectively, and asked judgment for $672.50, with interest thereon at the rate of ten per cent from April 20, 1931. The note contained the following provision:

". . . with interest *from maturity* at the rate of twelve per cent per annum. It is agreed that on failure to pay any installment of principal or interest when due, the entire balance shall become due and payable at once. If any installment or portion thereof shall remain unpaid for five days after the date when the same is due, I (or we) promise to pay in addition thereto the sum of one dollar plus cost of collection and in case this note is placed with an attorney or any collector for collection or foreclosure, I (or we) agree to pay an attorney or collection fee of not less than ten per cent of the amount due, which shall be added to the principal of this note. . . ."

The defendant answered, admitting the execution of the note and mortgage, and alleged that the note was given in part payment of the purchase price of a Dodge coupé, which was $1,320; that the automobile was defective and almost worthless, and was not suitable for the purpose for which it was constructed and sold. He asked damages in the sum of $1,200. The reply consisted of a general denial. The case was tried on these issues. There was evidence offered in support of the petition, and evidence tending to prove the allegations of the answer. The case was submitted to the jury to determine the facts. The court in its instructions to the jury outlined the issues, and, among others, gave instruction number nine, which is as follows:

"9. If your verdict shall be for the plaintiff, you should find the amount due on said notes, with interest thereon by their terms, less the amount, if any, you find under the evidence and these instructions, the defendant is entitled to deduct from said amount, and such amount would be your verdict in this case. You should also find the value of said automobile at the time it was taken under the replevin writ in this case."

The jury returned the following verdict:

"We the jury impaneled and sworn in the above-entitled case, do upon our oaths find for the plaintiff; that at the commencement of this action the automobile described in plaintiff's petition was unlawfully withheld from plaintiff by defendant, and that the plaintiff was and is entitled to its immediate possession, or its value at the commencement of this action, which value we find to have been at that time $678.50. We further find the usable value of said automobile since the commencement of this action to be $180; and we further find that at the commencement of this action defendant was indebted to plaintiff on the two notes described in said chattel mortgage in the sum of $628.45."

The court rendered judgment on the verdict in favor of the plaintiff and against the defendant. The defendant appeals.

It is the contention of the appellant that the court erred in giving instruction number nine in that it instructed the jury to determine the amount due on the note, with interest thereon by its terms. It will be noted that the note by its terms provided for interest at the rate of twelve per cent per annum, and for an attorney fee of not less than ten per cent of the amount due. The rate of interest specified violates the statute. (R. S. 41-102.) The agreement to pay an attorney fee is void. (R. S. 67-312.)

The appellee argues that since the court told the jury, in defining the issue, that the plaintiff was claiming the sum of $672.50, with interest thereon at the rate of ten per cent per annum from October 27, 1930, that the jury could not have been misled by this instruction. The difficulty with this argument is that the claim of the appellee was invalid under the statute. The law is that where a person contracts for a greater rate of interest than ten per cent per annum he shall forfeit all interest in excess of ten per cent, and in addition thereto forfeit a sum equal to the amount of interest contracted for in excess of ten per cent. (R. S. 41-102.) The appellee was only entitled to recover the principal of the note, together with interest at eight per cent from its maturity. The jury found that there was due the appellee on the notes $628.45. This is less than the principal of the notes. It is evident the jury allowed some amount on appellant's claim for damages. We have no way of determining how the jury arrived at this amount. If we knew the amount of damages allowed, the judgment could be corrected. Without this information it must be held that the giving of the instruction was reversible error.

The judgment of the district court is reversed.