In re Kenneth Gene EDMISTON, a/k/a Gene Edmiston, and Virginia Mae Edmiston, a/k/a Jenny Edmiston, Debtors.

WESTERN SURETY COMPANY,
Plaintiff,

v.

Kenneth G. EDMISTON, a/k/a Edmiston Oil Company, a Kansas Corporation and Kansas Department of Revenue.

Bankruptcy No. 80–11790.
Adv. No. 80–0877.

United States Bankruptcy Court,
D. Kansas.

Aug. 11, 1982.

Larry T. Solomon, Kingman, Kan., for plaintiff Western Sur. Co.

David G. Crockett and David A. Gripp, Wichita, Kan., for debtor.

Alan F. Alderson, Topeka, Kan., for Kansas Dept. of Revenue.

## STATEMENT OF THE CASE

ROBERT B. MORTON, Chief Judge.

Defendant/debtor Kenneth G. Edmiston (Edmiston), as a motor vehicle fuel distributor, furnished a bond to the State of Kansas to ensure his payment of motor fuel taxes and compliance with other statutory requirements. Western Surety Company (Western Surety) executed the bond as surety. Upon Edmiston's failure to pay his fuel tax liabilities, Western Surety satisfied the obligations by paying the sum of $11,000 and thereafter brought the instant adversary proceeding as plaintiff. Asserting subrogation to the rights of the State of Kansas, Western Surety here seeks two-pronged relief: (i) priority for its claim against this estate under 11 U.S.C. 507(a)(6)(C) or (E); and (ii) a nondischargeable judgment against Edmiston for recovery of the $11,000 pursuant to 11 U.S.C. 523(a)(1)(C). All facts considered material by counsel have been stipulated and by agreement the controversy is submitted for decision on those facts as though brought on by motion for summary judgment.[1] Written briefs on behalf of Western Surety, Edmiston and co-defendant Kansas Department of Revenue have been considered by the court.[2]

## MEMORANDUM

The following facts have been stipulated by the parties or are not otherwise in dispute:

The debtor, Edmiston, executed Kansas Motor Vehicle Fuel Distributors Bond No. 5435396 in favor of the State of Kansas in the principal amount of $1,000 on June 14, 1972. On August 27, 1974, the principal amount of this second bond was increased to $10,000 in consideration of an additional premium. Plaintiff, Western Surety, signed as surety on both bonds.

On April 11, 1978, Western Surety paid $11,000 to the State of Kansas, Department of Revenue under the terms of its suretyship agreement. In exchange, plaintiff received two documents denominated "Release and Assignment." The first release and assignment[3] acknowledged the receipt of $1,000 and discharged the surety from any further liability based on unpaid Motor Vehicle Fuel Tax taxes for the period June 1, 1977 through August 8, 1977. The second release and assignment[4] acknowledged payment of $10,000 and discharged the surety from any further liability based on unpaid Special Fuel Tax taxes for the period May 1, 1977 through August 8, 1977. Both documents gave the Western Surety Company "all right, title and interest of the State of Kansas, Department of Revenue in and to the claim set out above against said principal in an amount equal to but not in excess of the payment herein recited."[5]

The debtor, Edmiston, filed a voluntary joint petition[6] for Chapter 7 relief on November 13, 1980. Plaintiff, Western Surety, timely filed a complaint (i) to determine dischargeability of the debt and (ii) requesting the same priority for its $11,000 claim that the State of Kansas would have been accorded under 11 U.S.C. § 507(a)(6)(C) and/or (E) for unpaid taxes. In the view of the parties

1. These and all other pertinent aspects are included in the pretrial order of April 13, 1981, file document 14. There is something of an anomaly in the pretrial order in that clauses (A), (B) and/or (C) of section 523(a)(1) are specified as the statutory grounds for nondischargeability in the statement of plaintiff's contentions. However, elsewhere in the order, clause (C) only is identified in stating the issues of law. The briefs address clause (C) only is identified in stating the issues of law. The briefs address clause (C) only. Nonetheless the Memorandum *infra* does discuss clauses (A) and (B).

2. Brief of the Kansas Department of Revenue was filed April 20, 1982 somewhat beyond the deadline fixed, but nonetheless has been duly considered.

3. Plaintiff's Exhibit A.

4. Plaintiff's Exhibit B.

5. *Id.*

6. The joint debtor, Virginia Mae Edmiston, is not named as a defendant in the instant adversary proceeding.

there are no issues of fact and a decision involves only the two issues of law.

The threshold question is whether the Kansas Motor Fuels Tax (KAN.STAT. ANN. §§ 79–3401—3424 (1977)) taxes incurred from June 1, 1977 to August 8, 1977 and the Special Fuel Tax (KAN.STAT. ANN. §§ 79–3474—3489 (1977)) taxes incurred from May 1, 1977 to August 8, 1977 fall within the definition of tax claims entitled to priority under 11 U.S.C. § 507(a)(6)(C) and/or (E).

Section 507(a)(6)(C) grants a sixth priority for taxes that were required to be collected or withheld. This section is limited to "the so-called 'trust fund' taxes, that is, income taxes which an employer is required to withhold from the pay of his employees, and the employees' share of social security taxes." 3 COLLIER ON BANKRUPTCY paragraph 507.03, at 507–34 (15th ed. 1980). See also *In re Tapp*, 16 B.R. 315, 8 B.C.D. 642 (Bkrtcy.Ct.D.Alaska 1981) (excise taxes not within purview of § 507(a)(6)(C)).

Section 507(a)(6)(E) governs priority treatment for excise tax claims. Specifically, section 507(a)(6)(E) covers "(a)ll Federal, State or local taxes generally considered or expressly treated as excises ... including sales taxes, estate and gift taxes, gasoline and special fuel taxes, and wagering and truck taxes." 3 COLLIER ON BANKRUPTCY paragraph 507.03, at 507–35 (15th ed. 1980). Section 507(a)(6)(E)(i) provides priority status to an excise tax claim for transactions *"for which a return, if required, is last due,* under otherwise applicable law ... *within 3 years before the petition was filed." Id.* (Emphasis supplied).

▪ Both the motor fuels tax and the special fuels tax are excise taxes that must be reported on a monthly basis. KAN. STAT.ANN. § 79–3410 (1977) (motor fuels tax reporting requirements); KAN.STAT. ANN. §§ 79–3480—3480a (1977) (special fuels tax reporting requirements). The two releases and assignments given by the Kansas Department of Revenue[7] state that in one instance the fuel taxes were due for the period June 1, 1977 through August 8, 1977; the other nonpayment period was specified as May 1, 1977 through August 8, 1977. Thus the return [report] for the taxes in question was "due" in September, 1977. The petition commencing this case was filed November 13, 1980. Thus the return date for the subject taxes antedates the filing of the initiatory petition by more than three years and no priority may be accorded.

▪ Since the taxes in question are not entitled to priority under either section 507(a)(6)(C) or (E), a finding on the issue of whether an assignee's or subrogee's claim succeeds to the priority of the underlying tax claim is unnecessary. See *In re Woerner*, 19 B.R. 708 (Bkrtcy.Ct.D.Kan.1982) (assignee not entitled to priority of underlying tax claim).

▪ The second issue to be resolved is whether plaintiff's claim is nondischargeable under 11 U.S.C. § 523(a)(1)(A), (B) or (C).[8] Section 523(a)(1)(A) is clearly inapplicable since the taxes are not of the kind specified in section 507(a)(6). Nor does § 523(a)(1)(B) or (C) apply since there is no basis for the application of either section to the stipulated facts set forth in the pretrial order.

▪ The pretrial order controls the subsequent course of the action. FED.R. CIV.P. 16. The court must accept the facts stipulated to by the parties and cannot require further evidence to support the stipulated facts. *United States v. Sommers*, 351 F.2d 354 (10th Cir.1965). In the instant case, the parties have stipulated to the facts, have agreed that only two issues of law remain, and have agreed that the issues raised will be treated as though brought on a motion for summary judgment.

▪ Section 523(a)(1)(B) prevents discharge for taxes for which no return was made or for which a late return was made within two years of the petition. The plaintiff alleges a failure to file a return in their brief, however, there are no stipulated facts

---

7. Plaintiff's Exhibits A and B.

8. See note 1, *supra*.

to this effect in the pretrial order. Since the court is bound by the stipulated facts, the court cannot premise nondischargeability on § 523(a)(1)(B).

■ Similarly, the issue of a fraudulent return or willful attempt at evasion of the tax under 11 U.S.C. § 523(a)(1)(C) is unsupported by any facts in the pretrial order. The fact of nonpayment alone is insufficient. The plaintiff addresses the issue in their brief in conclusory terms. However, the stipulated facts control this matter, and there are simply no facts supporting nondischargeability under section 523(a)(1)(C).

The court concludes that since the taxes in question are not of the kind specified in section 507(a)(6)(C) or (E), the question of an assignee's right to priority does not arise. Further, the stipulated facts in the pretrial order do not justify application of sections 523(a)(1)(A), (B) or (C).

### ORDER

Based upon the foregoing memorandum which constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752 and Rule 52(a) Federal Rules of Civil Procedure.

IT IS ORDERED that summary judgment is granted (i) the subject taxes are not entitled to priority and plaintiff succeeds to the claim only as an unsecured obligation of the estate; and (ii) the subject debt is dischargeable as to debtor Kenneth Gene Edmiston under 11 U.S.C. § 727.