**In re Eddie G. SMOTHERS, Debtor.**

**Stephen RIDGE, Plaintiff,**

v.

**Eddie G. SMOTHERS, Defendant.**

**Bankruptcy No. 3–84–01924.**
**Adv. No. 3–85–0053.**

United States Bankruptcy Court,
W.D. Kentucky.

May 13, 1986.

Joseph S. Elder, II, Louisville, Ky., for plaintiff.

Stephen J. Tillman, Louisville, Ky., for defendant.

MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on plaintiff's Motion for Summary Judgment on its Complaint alleging that certain debts paid by the plaintiff are nondischargeable pursuant to Sections 523, 509, and 507(a)(7). The issue presented is whether the plaintiff, as a co-debtor, can be subrogated to the tax claims of the Internal Revenue Service and Kentucky Department of Revenue for the amount of partnership taxes that he paid to those governmental agencies.

The facts in this case are uncontroverted and there is only a question of law to be decided. On or about May 31, 1984, Stephen Ridge, the plaintiff herein, and Eddie G. Smothers, the debtor-defendant herein, dissolved their partnership which operated

two liquor stores. The parties' agreement terminating the partnership provided that the defendant was to assume and pay the tax liabilities owing, would hold Ridge harmless and would indemnify Ridge from the payment of all tax liabilities existing or thereafter arising. The defendant did not pay the tax liabilities and the plaintiff, as a partner, was obligated and did pay the tax obligations arising out of the partnership operation in the amount of $4,903.30. The plaintiff has brought this action, alleging that inasmuch as the debts due to the IRS and Kentucky Department of Revenue were nondischargeable pursuant to 11 U.S.C. Section 523(a)(1), that under subrogation rights, he is entitled to assert their nondischargeability claim.

Under Section 523(a)(1), the debts owed to the IRS and the Kentucky Department of Revenue for the tax liability were nondischargeable. The plaintiff argues that pursuant to Section 509(a), he is subrogated to the rights of these taxing authorities in asserting their nondischargeability claim. Section 509(a) provides that a co-debtor is subrogated to the rights of the creditor, to the extent of any payment made by the co-debtor to the creditor.

It is clear that the Code specifically precludes a tax claim subrogee from receiving a priority claim under Section 507(d). Section 507(d) provides that a party subrogated to the rights of a governmental entity holding a claim for a tax debt is denied the priority afforded the governmental entity in the distribution of assets of the bankruptcy estate. The plaintiff here, however, is not asserting any priority status, but rather is seeking a declaration that the debt is not dischargeable.

The Code does not address whether the nondischargeability of the subrogated claim is precluded. It is clear that the plaintiff herein has a claim which can be asserted as an unsecured creditor. The question is whether he is permitted to "stand in the shoes" of the IRS in asserting that his claim is nondischargeable pursuant to Section 523(a)(1).

There appears to be somewhat of a split of authority on this issue. The Eleventh Circuit in the *Matter of Waite*, 698 F.2d 1177, 8 C.B.C.2d 620 (11th Cir.1983), held that a surety who paid the debtor's liquor excise taxes was subrogated to the right of the taxing authority to prevent a discharge of the tax debt. The Eleventh Circuit relied on *Gilbert v. United States Fidelity & Guaranty Co.*, 180 F.Supp. 794 (M.D.Ga. 1959), aff'd, 274 F.2d 823 (5th Cir.1960), which held that a surety which pays a debtor's tax liability is subrogated to the right of the taxing entity to prevent a discharge of the tax debt. In *Gilbert*, sureties on bonds filed by a fuel distributor with the State of Georgia for payment of motor fuel and kerosene excise taxes made payment on behalf of the distributor. The Fifth Circuit upheld the District Court's finding that the debtor's liability for the excise taxes was not dischargeable, and that the sureties on the bonds were entitled, under subrogation, to recover from the debtor the amount paid by them on the tax due.

In contrast, the Ninth Circuit in *National Collection Agency, Inc. v. Trahan*, 624 F.2d 906 (9th Cir.1980), held that an assignee of a surety, which had contracted with the debtor to post bond to insure the debtor's payment of state sales tax, did not stand in the place of the state so as to be subrogated to the nondischargeable quality of the state's tax claim, and thus the debt was dischargeable.

We find the rationale of *National Collection Agency, Inc. v. Trahan, supra* to be persuasive, and further find that the line of cases permitting subrogation to the tax claim are distinguishable from the instant case. In all of these cases, it was a surety who was subrogated to the tax claim. *See, Matter of Waite, supra; Gilbert v. United States Fidelity & Guaranty Co., supra; In re Woerner*, 6 C.B.C.2d 590, 19 B.R. 708 (Bkrtcy., D.Kansas 1982). In these cases, the governmental agencies involved required the debtors to post bonds or make arrangements to secure payment from the debtors of the applicable tax. In a suretyship arrangement, the surety

promises to pay the debtor's obligation if the debtor defaults. When the suretyship arrangement is executed by the three parties, the ultimate loss is intended to fall on the debtor because the surety becomes a creditor of the debtor when payment is made on the debtor's behalf. *In re Woerner*, 6 C.B.C.2d at 592, 19 B.R. 708. In the instant case, the plaintiff was a *partner* with the debtor in the partnership entity which incurred the tax liability, and thus, had an obligation as a partner to pay the taxes. This payment then became a debt of the debtor, which unless it comes within an exception under the Bankruptcy Code, can be discharged as any other debt.

■ Further, we note that this line of cases holds that *one who has paid the tax liability of another*, subject to the limitations of Section 509(a), may be subrogated to the claim of the taxing authority and thus may seek an exception to discharge based on that claim. As a general rule, subrogation is not available to a party discharging a debt in the performance of his own obligation. *Commercial Casualty Ins. Co. vs. Petroleum Pipe Line Co.*, 83 F.2d 412, 414 (10th Cir.1936) (citing decisions from California, Kansas, Missouri, Oklahoma, Pennsylvania, and Tennessee). A right to subrogation exists only when the subrogee pays or discharges a debt for which another is primarily liable. *See also Rubenstein v. Ball Bros. Inc. (In re New England Fish Co.)*, 749 F.2d 1277, 1282 (9th Cir.1984). One cannot seek subrogation for paying one's own debts. *See also In re Glade Springs, Inc.*, 47 B.R. 780 (Bkrtcy.E.D.Tenn.1985). In the instant case, the plaintiff has not paid the tax liability of *another*, but has paid the tax liability for which he was also obligated.

■ Since there is no clear answer to this issue in the Code, we must look to the policy reasons behind the enactment of Section 523(a)(1). The general policy of the Bankruptcy Code is to favor discharge of debts and the resulting fresh start it provides to debtors. See generally, *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971). The statutory

exception in Section 523 for tax debts is counter to this general policy. However, the policy behind this exception is to promote the collection of taxes. To interpret Section 523 so broadly as to include as a dischargeable debt tax claims for which a *partner* is already obligated, would not promote the collection of taxes. The taxing authority will be paid by one of the partners whether or not the debtor's subsequent debt to his co-partner is nondischargeable. *National Collection Agency, Inc. v. Trahan*, 624 F.2d at 907.

■ We also note that subrogation is an equitable remedy. As the Bankruptcy Court in *In re Alloway*, 37 B.R. 420 (Bkrtcy., E.D.Pa.1984) stated:

... subrogation is a consequence which equity attaches to certain conditions. It is not an absolute right but one which depends on the equities and attending facts and circumstances of each case. 37 B.R. at 424.

The Court further went on to say that a debtor's promise to hold another harmless in a repayment of any joint obligations through an agreement is not necessarily determinative. Even though the agreement between the plaintiff and defendant herein provided for the defendant to indemnify the plaintiff, the equitable policy does not favor the plaintiff becoming a subrogee of the Internal Revenue Service or Kentucky Department of Revenue. The plaintiff paid the taxes as part of his obligations as a partner. This payment becomes a debt of the defendant's which can be discharged.

In determining the dischargeability of a debt under Section 523, the Court must be mindful of the competing policies at hand. The policy to promote the collection of taxes will not be furthered by a broad interpretation of this provision. The policy favoring dischargeability, however, will be promoted if we decline to apply the doctrine of equitable subrogation and hold that the debt owed to the plaintiff is discharged. *In re National Collection Agency, Inc. v. Trahan*, 624 F.2d at 908. We also note that the burden of proving an exception to

discharge is on the party seeking such relief. *In re Alloway*, 37 B.R. at 423. Accordingly, and for the above-denoted reasons, we find that the plaintiff herein has failed to meet that burden.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate final order will be entered this date.