**In re Terry Ray TYGRETT and Lorraine T. Tygrett, Debtors.**

**Bankruptcy No. 185–01716.**

United States Bankruptcy Court, C.D. Illinois.

April 6, 1987.

Richard Whitman, Stansell, Critser, Whitman & Hultgren, Monmouth, Ill., for Creditors, Farmers Grain Co. and Stockland FS, Inc.

Frank A. Ward, II, Galesburg, Ill., for debtors.

Richard E. Barber, Galesburg, Ill., Trustee.

## OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The facts of this matter are not disputed. The Debtors owed the Internal Revenue Service for Social Security and Withholding taxes and the State of Illinois for unemployment insurance taxes. They filed their Chapter 7 proceeding, and subsequently the Debtors paid to the State of Illinois the sum of $247.47 and paid to the Internal Revenue Service the sums of $1,121.34 and $1,122.96. The Debtors then filed a priority claim in their own bankruptcy proceedings to recover the amounts they paid. The Trustee filed an objection to their claim and a creditor appeared in support of the Trustee's objection.

The Debtors argue the claims of the governmental bodies were entitled to priority status, money is available to pay those claims in full, and had the Debtors not paid the claims, the governmental bodies would have filed claims which would have been paid from the assets under the control of the Trustee. Therefore, the Debtors should not be penalized for having paid those claims. In support of their position, the Debtors contend the claims of those governmental bodies are granted priority status pursuant to Bankruptcy Code 507(a)(7)(C) and (D), and the Debtors are entitled to subrogation under Section 509(a).

As commendable as it might have been for the Debtors to pay the tax obligations, or as harsh as it might be to deny reimbursement, it is clear the Debtors voluntarily paid the tax obligations and they can be repaid through their bankruptcy proceeding only if statutory authority exists. This Court's inquiry finds no such authority exists.

■■■ Section 509(a) of the Bankruptcy Code provides as follows:

"... an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment."

This section contemplates the existence of co-debtors. It contemplates a third party who is liable with the bankrupt. The classic examples would be a surety, a guarantor, or an endorser. *See,* 3 *Collier on Bankruptcy,* para. 509.02. Section 509(a) was never intended to be applicable in a situation such as this where the debtors themselves paid claims and want to subrogate to the position of the claimants. As stated in *In re Smothers,* 14 C.B.C.2d 1120, 60 B.R. 733 (W.D.Ky.1986) the general rule is that the right of subrogation is not available to a party satisfying a debt in the performance of his own obligation. The right exists only when the subrogee pays or discharges a debt for which another party is primarily liable.

■■■ The Debtors' acts of paying the claims of the governmental bodies outside the bankruptcy, were voluntary on their part, and it is also the general rule that voluntary payment of a debtor's tax obligation does not entitle the payor to stand in the shoes of the governmental body so as

to obtain priority standing that would have been enjoyed by the governmental body in the debtor's bankruptcy case. *I.C. Herman & Co., Inc. v. Taub, Hummel & Schnall, Inc.,* 497 F.2d 1301 (2d Cir.1974); *In the Matter of Intern. Engineers, Inc.,* 58 B.R. 1005 (S.D.N.Y.1986).

Even if this Court would find that the Debtors would be entitled to subrogate under Section 509, it would have to deny priority status, because Section 507(d) provides that a party who is subrogated to the rights of a governmental claimant who holds a claim under Section 507(a)(7) is not subrogated to the rights of the governmental agency to priority under Section 507(a)(7). *See, Dubose v. Kaczmarski,* 7 C.B.C.2d 169, 22 B.R. 780, (Bkrtcy.N.D. Ohio 1982); *In re Woerner,* 6 C.B.C.2d 590, 19 B.R. 708 (Bkrtcy.D.Kan.1982).

For the reasons set forth above, IT IS HEREBY ORDERED, that the Trustee's objection to claims 4, 5 and 6 filed by the Debtors be and the same is hereby ALLOWED.