**In re Michael HAGEN and Bonnie Hagen, Debtors.**

**Bankruptcy No. X91–01100M.**

United States Bankruptcy Court, N.D. Iowa.

May 12, 1992.

John H. Greve, Northwood, Iowa, for debtors.

Habbo G. Fokkena, Clarksville, Iowa, trustee.

## ORDER RE: DEBTORS' OBJECTION TO TRUSTEE'S CLAIMS REPORT

WILLIAM L. EDMONDS, Bankruptcy Judge.

Debtors Michael and Bonnie Hagen (HAGENS or DEBTORS) object to the trustee's claims report. Hearing was held on May 5, 1992 at Mason City, Iowa.

Debtors filed their joint voluntary petition on June 11, 1991. Pursuant to Fed. R.Bankr.P. 2002(e), the Clerk of Court advised creditors that it was unnecessary to file claims. Debtors owed 1990 taxes to the Internal Revenue Service (IRS) and the Iowa Department of Revenue (IDOR). During the pendency of the case, the tax-

ing authorities requested payment from the debtors. Using their exempted homestead as collateral, debtors borrowed approximately $11,000.00 from Bonnie Hagen's father, and on June 21, 1991, paid the 1990 taxes, penalties and interest. They paid $2,112.25 to IDOR and $9,096.42 to the IRS.

Subsequent to the payments, case trustee Habbo Fokkena recovered a preferential transfer. Pursuant to Fed.R.Bankr.P. 3002(c)(5), the Clerk notified creditors of a claims deadline. Prior to the deadline, Hagens filed two priority claims—one on behalf of the IRS in the amount of $8,779.00 and the other on behalf of the IDOR in the amount of $1,929.99.[1] The Clerk notified the IRS and the IDOR that the claims had been filed. The taxing authorities did not file superseding proofs.

Trustee filed his final report, including his report on claims. He objected to the allowance of the claims filed by Hagens on behalf of the IRS and the IDOR. Debtors' timely objection to the claims report constitutes a response to the objection. The trustee contends that inasmuch as the taxing authorities have been fully paid, they have no allowable claims. Debtors argue that by virtue of their post-petition payment of the taxes, they should be equitably subrogated to the claims of the IRS and the IDOR. Trustee responds that there is no legal basis for such subrogation. Indeed, because they are debtors, not codebtors, Hagens do not qualify as subrogees under 11 U.S.C. § 509. *In re Tygrett*, 72 B.R. 129, 130 (Bankr.C.D.Ill.1987).

■ To employ the doctrine of equitable subrogation, a claimant must fully satisfy a five-part test: (1) the claimant must have made payment to protect his own interests; (2) the claimant must not have been a volunteer; (3) the payment must satisfy debt for which the claimant was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not cause injustice to the rights of others. *Berliner Handels Und Frankfurter Bank v. East*

---

1. The proof of claims filed by the debtors does not include certain penalties and interest

charges. See Exhibits 1 and 2. These may have accrued after the bankruptcy filing.

*Texas Steel Facilities, Inc. (In re East Texas Steel Facilities, Inc.),* 117 B.R. 235, 241 (Bankr.N.D.Texas 1990).

█ Debtors do not qualify as subrogees because their payments to the taxing authorities satisfied debts for which they were primarily liable. It is a generally accepted principle of subrogation law that "[a] right to subrogation exists only when the subrogee pays or discharges a debt for which another is liable. One cannot seek subrogation for paying one's own debts." *Rubenstein v. Ball Bros., Inc. (In re New England Fish Co.),* 749 F.2d 1277, 1282 (9th Cir.1984). *See also Brown v. Sheldon State Bank,* 139 Iowa 83, 117 N.W. 289, 293 (1908) ("Subrogation is allowable in equity, only in favor of a person who has advanced money to pay the debt of another, to whom he stood in the position of surety, or where he has been compelled to pay the debt of another to protect his own rights.... It is not allowed in favor of a person who is himself personally liable for the debt he discharges by payment. *Bolton v. Lambert,* 72 Iowa 483, 34 N.W. 294 [(1887)]"). The cases cited by debtors' counsel are not persuasive; they involve payment of creditors by third parties and not by a debtor.

### ORDER

IT IS ORDERED that debtors' objection to trustee's claims report is denied. The final report is approved. Distribution shall be made accordingly.

SO ORDERED.