**In re Gary A. DAVIS, Debtor.**

**M. Dana MASON and Joan D. Mason, Individually and as Liquidators of Mason, Mason and Davis a/k/a Davis, Mason and Mason, a PA Partnership Late Trading as Willey's Carwash, Movants,**

v.

**PA. DEPT. OF REVENUE, Pa. Dept. of Labor and Industry, USA, IRS and Richard W. Roeder, Trustee, Respondents.**

Bankruptcy No. 87–00576E.
Motion Nos. PIN–04 to PIN–06.

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 22, 1992.

500

William Pineo, Meadville, Pa., for movants.

Richard W. Roeder, Titusville, Pa., trustee.

Julia L. Wahl, Pittsburgh, Pa., for I.R.S.

Louis J. Stack, Meadville, Pa., for debtor.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

M. Dana Mason and Joan D. Mason ("Masons") have filed their MOTION TO ALLOW SUBROGATION TO CLAIMS, asserting that the Masons have paid the following three tax claims and are entitled to be subrogated to the priority status of those taxing bodies:

| Claim No. | Creditor | Amount |
|-----------|----------|--------|
| 14 | PA Department of Labor and Industry | $ 1,372.56 |
| 15 & 21 | Internal Revenue Service (IRS) | 10,406.20 |
| 16 | PA Department of Revenue | 1,315.77 |

The Movants assert that since they paid the above claims, they should be entitled to subrogation so that the Masons would stand in the shoes of and take distribution the same as the above claimants. That would give the Masons priority claims in the above amounts.

The Masons have also filed Claim No. 17, being the alleged amount of the shortfall in the Debtor's partnership account in Willey's Carwash after payment by the Masons of partnership debts.

Willey's Carwash is a partnership consisting of the Debtor, M. Dana Mason and Joan D. Mason. The Debtor was 50% partner and the Masons constituted a 50% partner. Willey's Carwash was the subject of a Chapter 11 proceeding which was concluded with a confirmed Plan of Reorganization. Under that Plan, the Masons were to provide funds to pay the above tax claims and the Masons were to be subrogated to those claims in the within Chapter 7 case.

The above claims are claims arising from the operation of the Willey's Carwash partnership. Thus, the partnership was liable for the taxes as were the individual partners, both Gary Davis and the Masons.

The Trustee has no objection to the requested subrogation.

The IRS, however, objects on the basis that the IRS claim is a claim under 11 U.S.C. § 507(a)(7) and that § 507(d) forbids the granting of priority to the subrogatee.[1]

■ The IRS has been paid in full by the Masons and the Masons, therefore, question the standing of the IRS to make the objection. We conclude that the IRS does not lose its standing by the fact that it has been paid. The IRS has an interest in the interpretation of the Bankruptcy Code sections in question, the effect of said section on other persons obligated to it in identical circumstances or in circumstances perhaps not quite identical, such as a part payment and part subrogation.

■ The plain meaning of § 507(d) mandates that the Masons' claims in question are "not subrogated to the right of the holder of such claim to priority" under subsection (a)(7). The wording of the statute forbids allowance of the requested subrogation.

The cases are in accord. *In re Tentex Marine, Inc.,* 83 B.R. 530 (Bankr. W.D.Tenn.1988), officers were allowed subrogation as to amount of trust fund taxes paid by them, but subrogation was not allowed as to priority under § 507(d). In *In re Beverages Int'l., Ltd.,* 96 B.R. 407 (Bankr.D.Mass.1989), *aff'd.,* 105 B.R. 145 (D.Mass.1989), a surety which paid to the state the state's excise tax was subrogated to the claim with respect to the amount paid, but not to the state's tax priority status; it was further held that the claim would not be equitably subordinated where there was no bad faith or inequitable conduct on the part of the surety. Thus, it would appear in the case at bench that the Masons would be entitled to subrogation of the tax claim but they may not utilize the element of priority.

■ We now turn to § 509 regarding claims of co-debtors. In the instant case, both the Debtor and the Masons were liable for the taxes in question. The principal obligor on the taxes was the partnership. The Debtor and the Masons became liable by virtue of their participation as partners in that partnership. Hence, the Debtor and the Masons are co-debtors. § 509(a) would seem to grant subrogation rights to a co-debtor to the extent of a payment to a common creditor. However, subsection (b)(2) blocks the right to subrogation to the extent that "(2) as between the debtor and such entity, such entity received the consideration for the claim held by such creditor."

Applying this language to the case at bench, we see that as between the Debtor and the Masons, the Masons received the

---

**1.** § 507(d) refers to the "holder of a claim of a kind specified in subsection (a)(3), (a)(4), (a)(5), or (a)(6) of this section," but it has been uniformly held that the "(a)(6)" now refers to the tax claims of "(a)(7)". *In re Beverages Int'l., Ltd.,* 105 B.R. 145 (D.Mass.1989).

consideration for their payment to the IRS. The consideration received by the Masons was the satisfaction of their personal liability for the taxes. Hence, under § 509(b)(2), the Masons are not entitled to a subrogated claim of any sort. *In re Yeargin*, 116 B.R. 621 (Bankr.M.D.Tenn.1990); *In re Smothers*, 60 B.R. 733 (Bankr.W.D.Ky.1986).

 However, this is the bankruptcy of a partner. This is not the bankruptcy of the partnership. Creditors of the partnership are entitled to be paid ahead of partners; no partner should be allowed to take a dividend from the partnership when the partnership's creditors have not been paid in full. But, since this is the bankruptcy of one of the partners, the other partner (the solvent partner) has a claim against the insolvent partner for the excess contributions made by the solvent partner over those made by the insolvent partner. Thus, while we must deny Masons' claim to priority on a subrogated basis, and deny Masons' claim by way of subrogation, we must allow Masons' claim against this partner. This claim was set forth in Claim No. 17 and we will permit the Masons to amend that claim in view of the disallowance of the subrogation claims.

Subsequent to the hearing in this matter, Movants filed a Motion to Join Gary A. Davis, Debtor, as Indispensable Party and the Debtor filed a Motion to Strike or Motion for Rehearing and Reargument.

The Movants are seeking subrogation to tax claims, both as to priority and nondischargeability. Thus, the Debtor has an interest in the outcome of this litigation and is an indispensable party.

Having determined that the Movants are not entitled to subrogation on tax claims for which they are also primarily liable, we will refuse the Debtor's Motion to Strike or Motion for Rehearing and Reargument.

### ORDER

This 22 day of September, 1992, after notice and hearing and in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED as follows:

1. The MOTION TO ALLOW SUBROGATION OF CLAIMS filed by M. Dana Mason and Joan D. Mason shall be, and hereby is, REFUSED.

2. The MOTION TO JOIN GARY A. DAVIS, DEBTOR, AS INDISPENSABLE PARTY filed by M. Dana Mason and Joan D. Mason, is GRANTED.

3. The MOTION TO STRIKE OR MOTION FOR REHEARING AND REARGUMENT filed by Gary A. Davis is REFUSED.

4. The MOTION TO DROP INTERNAL REVENUE SERVICE AS PARTY RESPONDENT AND TO QUASH RESPONSE filed by M. Dana Mason and Joan D. Mason is REFUSED.

5. The accompanying ORDER on objections to claims provides for leave to the Masons to clarify their remaining claim in view of the above.