**In the Matter of Judy BARNES, Debtor.**

**No. 03–83452–JAC–13.**

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Jan. 30, 2004.

---

Jeffrey B. Irby, Huntsville, AL, for Debtor.

Philip Geddes, Decatur, AL, trustee.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This case came before the Court on January 12, 2004 for confirmation of the debtor's Chapter 13 plan and the objection to confirmation filed by Betty Law (hereinafter "Law"). On September 4, 2003, Law filed a proof of claim in the amount of $4,591.98 as a priority under § 507(a)(8) of the Bankruptcy Code. Law objects to the plan because it fails to include her claim as a priority under said section asserting that it represents taxes that she paid to the State of Alabama, Department of Revenue for a failed partnership in which she and the debtor were involved.

In October of 1999, the debtor and Law entered into a general partnership together known as B & L Country Kitchen. The partnership failed in 2000 and Law paid the State of Alabama, Department of Revenue $8,091.54 for sales and withholding taxes owed by the partnership.[1] The debtor did not reimburse Law for her one-half share of the taxes. On August 8, 2003, the debtor filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code. The debtor listed Law in Schedule F as a creditor holding an unsecured, nonpriority claim in the amount of $4,046.00. Law contends that she is entitled to be subrogated to the priority status of the state.

■ Section 509(a) of the Bankruptcy Code provides that "an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim is subrogated to the rights of such creditor to the extent of such payment." Law maintains that this section provides the basis for her priority status.

The debtor maintains that § 507(d) precludes a subrogee from receiving priority status for § 507(a)(8) taxes. Section 507(d) of the Bankruptcy Code limits the rights a creditor can acquire by subrogation, stating:

> (d) An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(3), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), or (a)(9) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

Based on § 507(d), the debtor's plan provides for Law's claim as a general unsecured claim and proposes to pay same pro rata with other unsecured, nonpriority claims.

Courts have repeatedly held that the plain wording of § 507(d) forbids allowance of the requested subrogation.[2] In *Western Surety Co. v. Waite (In re Waite)*, the Eleventh Circuit Court of Appeals held that a surety, which paid the debtor's liquor sales tax liability to the State of Tennessee, was subrogated to the right of the taxing entity to prevent discharge of the tax debt. The Court of Appeals stated:

---

1. An overwhelming majority of courts have held that sales taxes are trust fund taxes covered by § 507(a)(8)(C). *See In re Marshall*, 302 B.R. 711 (Bankr.D.Kan.2003)(citing cases recognizing sales taxes as trust fund taxes); *Western Surety Co. v. Waite (In re Waite)*, 698 F.2d 1177, 1179 (11th Cir.1983).

2. *Western Surety Co. v. Waite (In re Waite)*, 698 F.2d 1177 (11th Cir.1983)(finding § 507(d) expressly limits the rights of subrogees in relation to priority claims); *Mason v. Pa. Dept. of Revenue (In re Davis)*, 145 B.R. 499, 501 (Bankr.W.D.Pa.1992)(denying priority status); *DuBose v. Kaczmarski (In re DuBose)*, 22 B.R. 780, 783 (Bankr.N.D.Ohio 1982)(finding language in § 507(d) to be clear in its limitation); *Ridge v. Smothers (In re Smothers)*, 60 B.R. 733, 734 (Bankr.W.D.Ky.1986)(finding § 507(d) specifically precludes a tax claim subrogee from receiving a priority claim).

Under section 507(d), a party subrogated to the rights of a governmental entity holding a claim for a tax debt is denied the priority afforded the governmental entity in the distribution of assets of the bankruptcy estate. This provision is not controlling here because the Surety is not seeking any priority in the current satisfaction of creditors from property of the estate, but rather is seeking a declaration that the bankruptcy discharge does not extinguish the debt, so that the Surety can continue to try to collect in the future.

Neither party has filed an adversary proceeding in this case to determine dischargeability and rightly so, since dischargeability in the context of a Chapter 7 does not apply in a Chapter 13. In a Chapter 13 full discharge case, the only reference to the dischargeability of taxes is found at § 1322(a)(2). That section simply provides that in order to be confirmable, a plan must provide for the full payment, in deferred cash payments, of all claims entitled to priority under § 507.

 Alternatively, the Court notes that the majority of courts addressing the issue have held that a debtor's former partner is not even entitled to subrogation under § 509 of the Code when the solvent partner pays taxes for which both the partner and debtor were liable.[3] Section 509(b)(2) limits the claims of a codebtor to subrogation to the extent the codebtor receives consideration for the claim held by the creditor, stating:

(b) Such entity is not subrogated to the rights of such creditor to the extent that—

* * * *

(2) as between the debtor and such entity, such entity received the consideration for the claim held by such creditor.

In *Mason v. Pa. Dept. of Revenue (In re Davis)*, 145 B.R. 499 (Bankr.W.D.Pa.1992), the bankruptcy court determined that § 509(b)(2) blocked the claims of the debtor's partners for subrogation. The partnership was the primary obligor on the taxes owed and the debtor and his partners were jointly and severally liable for the tax debt as partners. The bankruptcy court determined that as between the debtor and his partners, the partners received the consideration for their payment of partnership taxes in that the payment satisfied their personal liability for the taxes. In *Ridge v. Smothers (In re Smothers)*, 60 B.R. 733 (Bankr.W.D.Ky.1986), the bankruptcy court also held that the debtor's partner did not become a subrogee upon paying partnership taxes. As a general rule subrogation is not available to a party discharging a debt in the performance of his own obligation. "A right to subrogation exists only when the subrogee pays or discharges a debt for which another is primarily liable."[4] The court determined that the debtor's partner did not pay the tax liability of another, but instead paid the tax liability for which he was also obligated. See also *Patterson v. Yeargin (In re Yeargin)*, 116 B.R. 621 (Bankr. M.D.Tenn.1990), where the same conclusion was reached with regard to a corporate officer who paid a 100% tax penalty for failure to pay corporate taxes. The officer asserted a nondischargeable subrogation claim against the Chapter 7 debtor,

---

**3.** *Mason v. Pa Dept. of Revenue (In re Davis)*, 145 B.R. 499 (Bankr.W.D.Pa.1992)(finding copartners who paid partnership taxes were not entitled to a subrogated claim based on payment of taxes); *Ridge v. Smothers (In re Smothers)*, 60 B.R. 733 (Bankr.W.D.Ky.1986)(finding debtor's partner did not become subrogee of IRS upon paying partnership taxes).

**4.** *Ridge v. Smothers (In re Smothers)*, 60 B.R. 733, 735 (Bankr.W.D.Ky.1986).

another corporate officer that the IRS might have imposed responsible person liability against. The court concluded that the payment of a tax penalty did not give rise to the right of subrogation by one responsible person against another. These cases hold that subrogation is not available to a party who satisfies an obligation for which he is primarily liable.

Accordingly, the Court finds that the debtor's plan is due to be confirmed as filed and Law's claim is hereby reclassified as a general unsecured claim. Based upon the foregoing, the Court finds, and it is ORDERED, ADJUDGED AND DECREED that the objection to confirmation is hereby overruled.