EUGENE A. WRIGHT, Circuit Judge:
 

 National appeals from a judgment declaring Trahan’s debt to National dischargeable in bankruptcy. We affirm.
 
 FACTS
 

 Trahan was required by the State of California to give security ensuring his payment of sales tax. A surety contracted with Trahan to meet the requirement by posting a $2,000 bond with the State. After Trahan failed to pay the tax, National, the surety’s assignee, brought a state court action against Trahan to recover the $2,000 the surety had paid to the State.
 

 Trahan petitioned for voluntary bankruptcy and subsequently sought a declaration from the bankruptcy court that the debt to National was discharged in the bankruptcy proceeding. The district court affirmed the bankruptcy judge’s finding that the debt was discharged.
 

 DISCUSSION
 

 There is an exception to dischargeability for tax debts owed by a bankrupt to government entities.
 
 [1]
 
 The question is whether this exception applies to a debt owed to a surety which has paid the tax debt of a bankrupt.
 

 National contends that it has a right under California surety law to enforce every remedy that the state would have had against Trahan. National concludes that, because Trahan’s debt to the state was non-dischargeable, the debt owed to National could not be discharged.
 

 A state law that is contrary to federal bankruptcy law must yield.
 
 See Elliot
 
 v.
 
 Bumb,
 
 356 F.2d 749, 755 (9th Cir.),
 
 cert. denied,
 
 385 U.S. 829, 87 S.Ct. 67, 17 L.Ed.2d 66 (1966); In re
 
 Professional Bar Co.,
 
 537 F.2d 339, 340 (9th Cir. 1976) (per curiam). Assuming National’s interpretation of California law is correct, that law does not control if it conflicts with Bankruptcy Act policy.
 

 The statutory exception for tax debts runs counter to the general policy of the Bankruptcy Act favoring discharge of debts and the resulting fresh start it provides to debtors.
 
 See generally Perez v. Campbell,
 
 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971). It furthers, however, the overriding need to assure tax collection by government entities.
 

 Interpreting 11 U.S.C. § 35 broadly to include debts owed to a surety would not promote the collection of taxes because the state is paid by the surety whether or not the bankrupt’s subsequent debt to the surety is nondischargeable.
 
 [2]
 
 We conclude that any state statutory right that National might have to recover against Trahan would conflict with the federal bankruptcy policy favoring the discharge of debts.
 

 National also contends that under the doctrine of equitable subrogation it stands in place of the state and is subrogated to the nondischargeable quality of the state’s claim. Such an approach was adopted under similar facts in
 
 Gilbert v. United States Fidelity & Guaranty Co.,
 
 180 F.Supp. 794 (M.D.Ga.1959),
 
 aff’d,
 
 274 F.2d 823 (5th Cir.
 
 *908
 
 1960).
 
 [3]
 

 St. Paul-Mercury Indemnity Co. v. Donaldson,
 
 225 S.C. 476, 83 S.E.2d 159 (1954). In light of the overriding policy favoring dischargeability, we reject the approach taken in
 
 Gilbert
 
 and
 
 Donaldson,
 
 decline to apply the doctrine of equitable sub-rogation, and hold that the debt owed to National was discharged.
 
 [4]
 

 AFFIRMED.
 

 [1]
 

 . At the time this action arose, the rule and its exception were found in 11 U.S.C. § 35, which provided in pertinent part:
 

 (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy. .
 

 The exception appears in altered form in the new statute, which does not have retroactive applicability.
 
 See
 
 11 U.S.C. § 523.
 

 [2]
 

 . Trahan was required by the State to post either cash or bond in order to conduct business. Making the debts dischargeable and, arguably, increasing the cost of contracting with sureties would not decrease the likelihood that tax debts are paid.
 

 [3]
 

 . Collier states ambiguously that under former 11 U.S.C. § 35, “subrogation of the non-dis-chargeable aspect of a tax claim was possible.” 3
 
 Collier on Bankruptcy
 
 'j 523.06, at 523-26 (15th ed. 1979). Collier cites
 
 Gilbert
 
 but does not discuss or approve its rationale.
 

 [4]
 

 . We note that under the nonretroactive 1979 amendments to the Bankruptcy Act, one who is subrogated to a claim for failure to pay sales tax is not subrogated to the priority of the claim. 11 U.S.C. § 507(d).