PER CURIAM:
 

 In this bankruptcy ease, the district court denied the Debtor a discharge of a debt owed to a Surety for paying the Debtor’s tax liability. We affirm. The Surety was subrogated to the rights of the taxing entity which could have prevented a discharge of the tax debt, if it had gone unpaid, under 11 U.S.C.A. § 523(a)(1).
 
 Gilbert v. United States Fidelity & Guaranty Co.,
 
 274 F.2d 823 (5th Cir.1960),
 
 aff’g,
 
 180 F.Supp. 794 (M.D.Ga.1959).
 

 The Debtor Waite operated a restaurant in Tennessee. To obtain a license to sell liquor, he secured a surety bond from Western Surety Company to assure payment of taxes on the sale of alcoholic beverages. In January 1977 Waite closed the business,
 
 *1178
 
 leaving unpaid sales taxes from November 1976 through January 1977. The State collected from Western. Western in turn obtained a default judgment from a Tennessee court against Waite, but the judgment has remained unpaid. In January 1981 Waite filed a petition in bankruptcy in the Southern District of Georgia. Shortly thereafter, Western instituted this adversarial action in the bankruptcy court.
 

 In
 
 Gilbert v. United States Fidelity & Guaranty Co., supra,
 
 this Court held that a surety which pays a debtor’s tax liability is subrogated to the right of the taxing entity to prevent a discharge of the tax debt under federal bankruptcy law.
 
 See also St. Paul-Mercury Indemnity Co. v. Donaldson,
 
 225 S.C. 476, 83 S.E.2d 159 (1954). Noting that one circuit has taken a contrary view,
 
 National Collection Agency, Inc.
 
 v.
 
 Trahan,
 
 624 F.2d 906 (9th Cir.1980), the Debtor here asks us to overrule
 
 Gilbert.
 
 Unlike an en banc court, however, a panel in this Circuit cannot overrule a prior decision of the Court.
 
 Bonner v. City of Prichard,
 
 661 F.2d 1206, 1209 (11th Cir.1981) (en banc);
 
 Ford v. United States,
 
 618 F.2d 357, 361 (5th Cir.1980). Although
 
 Gilbert
 
 rested on Georgia subrogation law, Debtor does not argue that the applicable law of subrogation differs.
 

 While
 
 Gilbert
 
 concerned the old Bankruptcy Act, the new Bankruptcy Code does not furnish a principled basis for distinguishing this case. Neither statute expressly indicates whether the nondischarge of tax debts extends to debts owed to a surety which has paid the debtor’s tax debts. At the time of the
 
 Gilbert
 
 decision, the Act merely provided that a “discharge in bankruptcy shall release a bankrupt from ... all of his provable debts ... except such as (1) are due as a tax .... ” 11 U.S.C. § 35 (1964) (repealed). Similarly, the current Code states that a “discharge ... does not discharge an individual debtor from any debt for a tax .... ” 11 U.S.C.A. § 523(a)(1). While the new Code does expressly limit the rights of subrogees in relation to priority of claims, 11 U.S.C.A. § 507(d), that provision is inapposite. Under section 507(d), a party subrogated to the rights of a governmental entity holding a claim for a tax debt is denied the priority afforded the governmental entity in the distribution of assets of the bankruptcy estate. This provision is not controlling here because the Surety is not seeking any priority in the current satisfaction of creditors from property of the estate, but rather is seeking a declaration that the bankruptcy discharge does not extinguish the debt, so that the Surety can continue to try to collect in the future.
 

 Under
 
 Gilbert,
 
 the only question for decision is whether the State of Tennessee, to which the tax was owed, could have prevented a discharge of the tax debt under the Bankruptcy Code. The Surety, as subrogee, has no more rights against the Debt- or than would the State whose rights are subrogated.
 
 See
 
 73 Am.Jur.2d
 
 Subrogation
 
 § 106 (1974). The governing provision, 11 U.S.C.A. § 523(a)(1), provides three circumstances in which a general discharge does not discharge a particular tax debt:
 

 § 523. Exceptions to discharge
 

 (a) A discharge under section 727,1141, or 1328(b) of this title does not discharge an individual debtor from any debt— (1) for a tax or a customs duty—
 

 (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title, whether or not a claim for such tax was filed or allowed;
 

 (B) with respect to which a return, if required—
 

 (i) was not filed; or
 

 (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
 

 (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.
 

 The district court did not specify which subsection it considered controlling. A review of the record indicates that at least subsection (A) is applicable, however. Un
 
 *1179
 
 der that subsection, a tax “of the kind specified in section ... 507(a)(6)” is not dischargeable. Section 507(a)(6), concerning priority of claims, lists a number of taxes including a “tax required to be collected or withheld and for which the debtor is liable in whatever capacity.”
 
 Id.
 
 § 507(a)(6)(C). The legislative history reveals that this category of taxes “includes excise taxes which a seller of goods is required to collect from a buyer and pay over to a taxing authority.” S.Rep. No. 989, 95th Cong., 2d Sess. 71,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5857. The Debtor concedes the taxes here are excise taxes. The Debtor had to collect the liquor sales taxes from his customers and pay them over to the State of Tennessee. Neither the record nor the briefs indicate any reason why the State under 11 U.S.C.A. § 523(a)(1) could not have prevented a discharge of the tax debt, had it remained unpaid. The Surety is subrogated to that right.
 

 AFFIRMED.