36 B.R. 709 (1984)
In re Lester L. HANCOCK and Joan E. Hancock, Debtors.
Lester L. HANCOCK and Joan E. Hancock, Plaintiffs,
v.
COUNTRY MUTUAL INSURANCE COMPANY, a corporation, Defendant.
Bankruptcy No. BK 81-50282, Adv. No. 83-0322.
United States Bankruptcy Court, S.D. Illinois.
January 19, 1984.
Robert Quinn, Wood River, Ill., for debtors.
John W. Schwulst, Bloomington, Ill., for defendant, Country Mut.

ORDER
J.D. TRABUE, Bankruptcy Judge.
At East St. Louis, in said district, this matter having come before the Court pursuant to a complaint for injunctive relief filed on behalf of the debtors, by their attorney, Robert F. Quinn, and a motion for summary judgment filed on behalf of Country Mutual Insurance Company (Country Mutual) by its attorney, John P. Schwulst; the respective parties' counsel having filed briefs; after reviewing the briefs and researching the law, the Court makes the following findings of fact and conclusions of law:
1. Debtors filed a petition under Chapter 7 of the Bankruptcy Code on September 22, 1981.
2. Among the debts listed in debtors' Schedule A-3 were debts to the State of Illinois, Department of Revenue for sales tax in the amount of $1,200.00, and Country Mutual for a state sales tax surety bond in the amount of $1,200.00.
*710 3. An order of discharge was issued to the debtors under § 727 of the Bankruptcy Code on December 14, 1981.
4. Country Mutual filed a complaint in the Illinois Circuit Court, McClean County, Illinois, for the payment of sums due and owing under said state sales tax surety bond.
Summary judgment is proper in the instant case under Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56. Rule 56 requires that a summary judgment be rendered when upon a showing that there is no genuine issue as to a material fact, and the moving party is entitled to a judgment as a matter of law. The facts in this case are uncontroverted. Debtor Lester L. Hancock operated a service station. Pursuant to Ill.Rev.Stat., ch. 120, § 441a, debtor acquired a bond from a surety, Country Mutual, to guarantee the payment of sales tax to the State of Illinois. When debtor failed to pay his sales tax, the Illinois Department of Revenue filed a claim with Country Mutual against the bond. Country Mutual paid the claim. Subsequently, debtors filed the instant bankruptcy petition, listing the State of Illinois and Country Mutual as unsecured creditors. Debtors were granted a discharge, notice of which was given to all creditors and parties in interest. The only issue involved is an issue of law: Is the debt owed to Country Mutual for payment of state sales tax nondischargeable under § 523(a)(1)(A)?
The Court concludes that the debt owed to the surety under the bond for the payment of state sales tax is nondischargeable. Principles of subrogation dictate that Country Mutual, as surety for debtors, succeeds to the rights of the State of Illinois in relation to the sales tax owed. See, 34 Illinois Law and Practice Subrogation § 2, p. 213 (West 1958). In Gilbert v. United States Fidelity & Guaranty Company, 180 F.Supp. 794 (M.D.Ga.1959), aff'd per curiam, 274 F.2d 823 (5th Cir.1960), the court ruled that a debt owed to a surety on a tax claim was nondischargeable under the Bankruptcy Act. The court stated that under the doctrine of subrogation, "it is as if the taxes themselves have not been paid and are still due and, of course, are not dischargeable in bankruptcy." Gilbert v. United States Fidelity & Guaranty Company, 180 F.Supp. at 796. This Court finds that the policy considerations underlying the nondischargeability provisions of the Bankruptcy Act remain unchanged in the Bankruptcy Code.
Any debts ancillary to the payment of the sales tax are discharged. The parties raised the issue of the dischargeability of any attorney's fees that might be recoverable under the bond contract. Under § 523(a)(1), it is the liability for taxes that is nondischargeable. 3 Collier on Bankruptcy, ¶ 523.06[12] (15th ed. 1983). Thus, any liability for attorney's fees created under the bond contract was discharged by order of this Court on December 14, 1981 under § 727 of the Bankruptcy Code.
WHEREFORE, IT IS ORDERED that Country Mutual Insurance Company's motion for summary judgment be, and the same hereby is, granted.
IT IS FURTHER ORDERED that the debtors' complaint for injunctive relief be, and the same hereby is, dismissed with prejudice.