**In re Martin J. ZOGLMAN, Debtor.**

**Emily GARTON, Plaintiff,**

**v.**

**Martin J. ZOGLMAN, Defendant.**

**Bankruptcy No. WU7–86–00502.
Adv. No. 86–0144–7.**

United States Bankruptcy Court,
W.D. Wisconsin.

June 26, 1987.

Michael G. Trewin, Terrence J. Byrne, Wausaw, Wis., for plaintiff.

Michael M. Rajek, Eau Claire, Wis., for debtor.

### MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

Emily Garton (plaintiff), by Michael G. Trewin and Terrence J. Byrne, has initiated this adversary proceeding pursuant to 11 U.S.C. § 523(a) and Bankruptcy Rule 4007 seeking to except a debt from discharge. The debtor appears by Michael M. Rajek and contests the complaint. A trial was scheduled in this proceeding on April 15, 1987, and the issues have been submitted to the court for determination through briefs.

The parties to this proceeding were divorced by a judgment of divorce dated June 13, 1984. The judgment of divorce provided, in part, that:

> THREE: The Respondent shall hold the Petitioner harmless from any Federal or State tax assessments including assessed by the Federal and State Government

against the Parties for the period 1977 through 1981 with the exception of an amount of $2,000.00. In the event the Internal Revenue Service or the state tax authority seeks to recover an amount from the Petitioner, the Petitioner shall proceed against the Respondent for all amounts of money she pays on any of these obligations in excess of $2,000.00.

The IRS began demanding payment from the plaintiff; and, on or about June 25, 1984, she paid the IRS $12,420.31. The plaintiff sought recovery against the debtor for the amount that the debtor was to hold her harmless, pursuant to the judgment of divorce, and took judgment against the debtor on November 12, 1984, for such amount. The plaintiff then commenced garnishment actions against the debtor to collect on her judgment.

The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 4, 1986. The debtor's schedules indicated total liabilities of $24,543.55. Of this amount $10,420.31 was owed to the plaintiff and $9,541.99 was owed to the Wisconsin Department of Revenue.

The plaintiff argues that the debt owed to her by the debtor should be declared non-dischargeable on the basis of subrogation. She asserts that if she would not have paid the IRS, the debtor's obligation to the IRS would have been excepted from discharge under § 523(a) of the Bankruptcy Code. Hence, the plaintiff argues that she should be subrogated to the claim of the IRS. The plaintiff also argues that the debt should be excepted from discharge because it is in the nature of alimony, maintenance, or support. 11 U.S.C. § 523(a)(5).

The debtor argues that the plaintiff paid the IRS as a volunteer and is therefore not entitled to be subrogated to the claim of the IRS. The debtor further argues that the plaintiff is precluded from using the doctrine of subrogation because she reduced her claim to judgment prior to the bankruptcy filing.

▆ It is necessary to first examine the jurisprudence behind the doctrine of subrogation.

§ 1. Definitions.

Subrogation may be broadly defined as the substitution of one person in the place of another with reference to a lawful claim or right. It is sometimes referred to as substitution. It is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it. It is the machinery by which the equities of one man are worked out through the legal rights of another.

§ 7. Doctrine as favored.

Subrogation has been characterized as an eminently just doctrine, a pure unmixed equity, one of the benevolences of the law, created, fostered, and enforced in the interest and for the promotion of equity and justice, and to prevent injustice. Being founded on principles of natural reason and justice, it is a highly favored doctrine, which is to be given a liberal application, and which the courts are inclined to extend rather than to restrict. Perhaps no doctrine of equity jurisprudence is more beneficient in its operation, and perhaps none stands in higher favor.

17 Am.Jur.2d *Subrogation*, §§ 1 and 7 (1974).

The Bankruptcy Code under § 509 specifically provides for subrogation of claims. It is apparently not disputed that the IRS would have had a non-dischargeable claim against the debtor in this bankruptcy case, had the plaintiff not paid the IRS. *See*, 11 U.S.C. §§ 523(a) and 507. It is well established that a party who is subrogated to the claim of a taxing entity is also subrogated to the right of the taxing entity to have the debt excepted from discharge. *In re Waite*, 698 F.2d 1177 (11th Cir.1983); *In re Hancock*, 36 B.R. 709 (Bankr.N.D.Ill. 1984). "[One] who has paid the tax liability of another, subject to the limitations of § 509(a), may be subrogated to the claim of the taxing authority and may thus seek an exception to discharge based on that claim." *In re Alloway*, 37 B.R. 420, 423 (Bankr.E.D.Pa.1984).

The debtor contends that the plaintiff was a volunteer in paying the debt to the IRS and is precluded from using the equitable doctrine of subrogation. *Iowa Homestead Co. v. Des Moines Nav. & R.R. Co.,* 84 U.S. (17 Wall.) 153, 21 L.Ed. 622 (1873). The court disagrees with the assertion that the plaintiff was a volunteer. It is not disputed that the plaintiff was originally jointly liable on the obligation to the IRS. The hold-harmless clause in the judgment of divorce did not affect the plaintiff's underlying liability to the IRS. The hold-harmless clause could even be construed as evidence of the underlying obligation to the IRS. Persons who have an interest of their own to protect by making payment are not volunteers. *In re Bugos,* 760 F.2d 731 (7th Cir.1985); 3 Am.Jur.2d *Subrogation,* §§ 24 and 25. Hence it appears that the plaintiff was not a "volunteer." and is not precluded from asserting the doctrine of subrogation.

The debtor argues that the plaintiff may have escaped liability to the IRS by asserting the defense that she was an "innocent spouse." The debtor asserts that since the debtor could have escaped liability in this manner she was a volunteer. The court disagrees. The plaintiff was legally obligated on the debt to the IRS and made payment on account of that obligation. Her decision not to raise the innocent spouse defense appears to have been an informed legal decision and does not put her in the position of a volunteer.

The debtor's assertion that the plaintiff is precluded from using the equitable doctrine of subrogation because she reduced her claim to judgment prior to the bankruptcy filing is without merit. *See, In re Bugos,* 760 F.2d 731 (7th Cir.1985).

It is the conclusion of the court that the debt owed by the debtor to the plaintiff should be excepted from the debtor's bankruptcy discharge. The plaintiff was jointly obligated on the obligation to the IRS and not a volunteer. The debtor's obligation to the IRS would have been excepted from discharge had it not been paid. This case is clearly an instance where the equitable doctrine of subrogation should pertain.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.