**In re Lloyd Edward TOOKS, Debtor.**

**STATE BAR OF CALIFORNIA, Plaintiff,**

v.

**Lloyd Edward TOOKS, an individual, Defendant.**

**Adv. No. C86–0369–H7. (Related Case No. 86–2458–H7).**

United States Bankruptcy Court, S.D. California.

July 29, 1987.

Jeffrey D. Kirk, David J. Cook, Cook, Perkiss & Liehe, Inc., San Francisco, Cal., for plaintiff.

Jack F. Fitzmaurice, Fitzmaurice & Buchbinder, San Diego, Cal., for defendant.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

### I.

At issue is whether the partial assignment of a non-dischargeable claim under § 523(a)(4) and § 523(a)(6) affects the dischargeability of the claim. The State Bar of California ("State Bar") argues that as assignee of a non-dischargeable claim, it has standing to maintain the cause of action against the debtor.

### II.

### FACTS

The material facts are not in dispute. Lloyd Edward Tooks, an attorney licensed to practice in California, ("debtor") converted over $62,000 belonging to Prudential Insurance Company, Ltd. ("Prudential") to his own personal use. The debtor is obligated, under a criminal court restitution order, to reimburse Prudential, and does not seek to discharge his obligation to Prudential.

On August 23, 1984, the State Bar, through its "Client Security Fund," made partial reimbursement to Prudential in the amount of $24,200. In return, the State Bar received a written assignment of all Prudential's rights against defendant to recover its loss to the extent of $24,200.

On April 21, 1986, the debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code. On May 22, 1986, the State Bar timely filed its adversary complaint seeking to except the debtor's $24,200 claim from discharge.

Debtor now moves for summary judgment on the issue of the dischargeability of the $24,200 paid by plaintiff to Prudential. This court denies the debtor's motion.

### III.

### DISCUSSION

Debtor seeks summary judgment on the grounds that the State Bar is a mere equitable subrogee of the claim of Prudential and, as such, does not stand in the shoes of Prudential. Defendant relies on *National Collection Agency, Inc. v. Trahan*, 624 F.2d 906 (9th Cir.1980).

In *Trahan*, a surety contracted with Trahan to provide a bond to the State of California as security to ensure payment of sales tax. After Trahan failed to pay the tax, the assignee of the surety brought an action against Trahan in state court to recover the monies paid by the surety. When Trahan declared bankruptcy, the assignee sought to have its claim declared non-dischargeable.

The assignee argued that, since Trahan's debt to the state was non-dischargeable, the debt owed to the assignee could not be discharged, under the doctrine of equitable subrogation. In *Trahan*, the Ninth Circuit concluded that the debt owed to the surety was discharged in bankruptcy even though the surety had paid the tax debt of the debtor. *Trahan*, 624 F.2d at 907–908.

This court finds *Trahan* inapposite to the instant case. First, the issue in *Trahan* was equitable subrogation, while that of the instant case is assignment of rights under a written contract. Second, the policy considerations supporting the *Trahan* decision are absent here.

California follows a liberal rule of assignment: The transfer of a thing transfers also all its incidents, unless expressly ex-

cepted. California Civil Code, § 1084 (1872). Stated as a basic principle, an assignee merely steps into the shoes of his assignor, *Northern California Monument Dealers Ass'n v. Interment Ass'n of California,* 120 F.Supp. 93, 94 (1954). The question of what rights and remedies pass with a given assignment depends on the interest of the parties. *Pacific Coast Agricultural Export Association v. Sunkist Growers, Inc.,* 526 F.2d 1196, 1208 (9th Cir.1975), *cert. denied,* 425 U.S. 959, 96 S.Ct. 1741, 48 L.Ed.2d 204.

Here, the written assignment transferred "all" rights of Prudential to the State Bar, to the extent of $24,200. The only question is whether the rule of *Trahan* "expressly excepts" the transfer of the non-dischargeable character of Prudential's claim to the State Bar.

In *Trahan,* the surety sought equitable subrogation. Here, an assignment has been made by contract, for consideration. However, even assuming the remedy sought by State Bar was subrogation rather than enforcement of its assignment rights, this court finds *Trahan* distinguishable.

In determining the dischargeability of the debt under 11 U.S.C. § 523, the court must be mindful of the competing policies at hand. *In re Smothers,* 60 B.R. 733, 735 (Bankr.W.D.Ky.1986). In *Trahan,* the Ninth Circuit considered two policies. First, there was an overriding policy favoring dischargeability of a debt. *Trahan,* 624 F.2d at 908. The statutory exception for tax debts runs counter to the general policy of the Bankruptcy Act favoring discharge of debts. It furthers, however, a second policy: "[t]he overriding need to assure tax collection by government entities." *Trahan,* 624 F.2d at 907.

The court resolved the conflict between these two important but apparently conflicting policies by noting that, since Trahan was required by the state to post either cash or bond, making the debts dischargeable would only have the effect of increasing the cost of contracting with sureties. It would not decrease the likeli-

hood that tax debts would be paid. *Trahan,* 624 F.2d at 907 n. 2.

There is no similar policy conflict in this case. First, there is no policy whatsoever favoring the discharge of debts of a dishonest debtor. "[T]he purpose of the Bankruptcy Act is to grant a discharge of honest debts to honest debtors, ..." *Ragsdale v. Haller,* 780 F.2d 794, 797 (9th Cir.1986). Second, to refuse plaintiff's request for determination of dischargeability would be to provide disincentives to the State Bar and others like the dishonest acts of members of State Bar's profession. Third, since it would provide the practical equivalent of discharge to dishonest debtors, it would positively undermine the policy behind the non-discharge of debts under 11 U.S.C. § 523(a)(4).

In the future, a dishonest debtor will know that he will be protected from the financial consequence of his wrongdoing in situations where a surety agrees to pay the victim. The debt will be paid by the surety to the victim/creditor and, since the surety would not have assignment rights, the debtor will be effectively discharged from the consequences of his own willful and malicious conduct.

## IV.

## CONCLUSION

For the foregoing reasons, this court holds that the partial assignment of a non-dischargeable claim under § 523(a)(4) and § 523(a)(6) does not affect the dischargeability of the claim.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for plaintiff is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.