In the Matter of Herbert W. FIELDS, Jr., Debtor.

HARTFORD CASUALTY INSURANCE COMPANY, Appellee,

v.

Herbert W. FIELDS, Jr., Appellant.

No. 90–2735

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 21, 1991.

---

Michael J. Pledger, Houston, Tex., for appellant.

Gary L. Wickert, Houston, Tex., for appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The debtor, Herbert W. Fields ("Debtor"), appeals from the district court's refusal to discharge a certain debt to his surety, Hartford Casualty Insurance Co. ("Hartford"), incurred when Hartford paid taxes on his behalf to the State of Texas. The issue presented by this case is whether Hartford can be subrogated to the State of Texas' right to an exception from discharge under 11 U.S.C. § 523(a)(1)(A)[1] of the Bankruptcy Code. Holding that Hartford is entitled to subrogation, we affirm.

I

The facts are brief and uncontested. Hartford issued a surety bond covering a mixed beverage permit to Debtor as the owner of two corporations known as Corky's Country and Carlos' 'N Charlies Del Norte, Inc.[2] The surety agreement bound Debtor as principal and Hartford as surety to the rights of the State of Texas for payment of all fees, taxes and penalties levied by the Texas Alcoholic Beverages Commission ("TABC").

Debtor filed for bankruptcy protection in late December 1984. Subsequently, during the periods of December 28, 1984 to October 16, 1985, and February 19, 1985 to October 2, 1985, Debtor failed to pay taxes covered by the surety bonds. Pursuant to the surety bond requirements, Hartford paid $15,479.58 to the State on November 21, 1985.

---

**1.** Section 523(a)(1)(A) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does to discharge an individual Debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and of the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

**2.** Texas Alcoholic Beverage Code § 204.01 (Vernon 1978 & 1991 Supp.) requires licensees and permittees of mixed beverages to furnish a bond to secure the payment of the gross receipts tax.

## II

On December 28, 1984, Debtor filed his Chapter 11 bankruptcy petition and properly scheduled Hartford as a creditor. The case was converted to a Chapter 7 case on October 29, 1986. The Chapter 7 Creditor's Meeting was noticed and held on December 16, 1986, and the deadline for filing complaints to determine dischargeability under 11 U.S.C. 523(c) was established as February 16, 1987. Hartford failed to file a Complaint to Determine Dischargeability of Debt until February 9, 1988, nearly one year after the bar date. Debtor filed his Motion to Dismiss Complaint on March 9, 1988.

The Bankruptcy Court denied Debtor's motion, determining that Hartford's claim was nondischargeable under 11 U.S.C. § 523(a)(1)(A). Debtor appealed to the district court on the grounds that the debt was not automatically nondischargeable as taxes and that under any other theory Hartford's Complaint was not timely filed. The district court, however, affirmed the Bankruptcy Court's decision. Debtor timely appeals.

## III

Initially, we note that if there had been no surety arrangement in this case and the claim was asserted by the State of Texas rather than Hartford, the debt would be nondischargeable under 11 U.S.C. § 523(a)(1)(A).[3] We must decide, however, whether a surety who pays a tax debt of another is subrogated to the State's right to an exception from discharge. As with all such claims, the party seeking an exception to discharge bears the burden of proof as to nondischargeability. *In re Benich,* 811 F.2d 943 (5th Cir.1987).

Debtor argues that the debt due Hartford arose as a result of an indemnity agreement, rather than as a tax. The tax

exception, according to Debtor, was promulgated to facilitate tax collection and because Hartford is not a taxing authority, this policy concern is not promoted by rendering Hartford's claim nondischargeable. Similarly, there is no need to protect the surety, argues the Debtor, as the fees charged by Hartford for the issuance of surety bonds are designed to protect Hartford against losses. Debtor concludes that because Hartford is not a taxing authority, it has no right to levy taxes and is not entitled to nondischargeability status under 11 U.S.C. § 523(a)(1)(A). We are unpersuaded.

We last confronted this issue over thirty years ago in *Gilbert v. United States Fidelity & Guaranty Co.,* 180 F.Supp. 794 (M.D.Ga.1959), *aff'd per curiam,* 274 F.2d 823 (5th Cir.1960). *Gilbert* is similar to the case at bar. Pursuant to a surety agreement, USF & G paid taxes due the State of Georgia that Gilbert had failed to pay. After Gilbert was adjudicated bankrupt, he sought a determination that the debt owed the surety was discharged in his bankruptcy. The district court, however, held that the surety benefitted from a Georgia subrogation statute, and the taxes were treated as still due for the benefit of the surety. *Gilbert,* 180 F.Supp. at 796. We affirmed the holding that under the Bankruptcy Act, a surety who pays a debtor's tax liability is subrogated to the taxing authority's status to prevent the discharge of a claim for unpaid taxes. 274 F.2d at 823.

*Gilbert* was decided, however, under the old Bankruptcy Act. Debtor argues that the adoption of the new Bankruptcy Code permits us to reexamine this issue and, if warranted, to disregard *Gilbert.* We acknowledge that if the Bankruptcy Code created a substantive departure from the Bankruptcy Act on the issue of a surety subrogation to tax debts, we would be released, at least to a degree,

---

**3.** It is uncontested that the taxes in question in this case are nondischargeable pursuant to § 507(a)(7). Section 507(a)(7), concerning priority of claims, lists a number of taxes including a "tax required to be collected or withheld and for which the debtor is liable in whatever capacity." The legislative history reveals that this category of taxes "includes excise taxes which a seller of goods is required to collect from a buyer and pay over to a taxing authority." S.Rep. No. 989, 95th Cong., 2d Sess. 71, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5857.

from the precedential restraint of *Gilbert.* We believe that the adoption of the Bankruptcy Code, however, did not alter in any significant way, the bankruptcy law with respect to this issue.[4] We are therefore bound by our previous decision in *Gilbert. See Ford v. United States,* 618 F.2d 357, 361 (5th Cir.1980). As stated in *Gilbert,* "it is as if the taxes themselves have not been paid and are still due and, of course, are not dischargeable in bankruptcy." 180 F.Supp. at 796. Accordingly, we hold that Hartford, having paid Debtor's taxes to the TABC, is subrogated to all the rights that the State of Texas had against Debtor under the Bankruptcy Code.[5]

The Eleventh Circuit has also concluded that our holding in *Gilbert* survives the adoption of the Bankruptcy Code. In *In re Waite,* 698 F.2d 1177 (11th Cir.1983), the surety made an identical claim as Hartford. The surety argued that it was entitled to be subrogated to the rights and standing of the State of Tennessee to assert nondischargeability under 11 U.S.C. § 523(a)(1)(A) for unpaid liquor sales taxes of the kinds specified by 11 U.S.C. § 507(a)(6).[6] The Eleventh Circuit agreed, holding specifically that *Gilbert* survived the enactment of the Bankruptcy Code.[7] The *Waite* court reasoned that:

> While *Gilbert* concerned the old Bankruptcy Act, the new Bankruptcy Code does not furnish a principled basis for distinguishing this case. Neither statute expressly indicates whether the nondischargeability of tax debts extends to debts owed to a surety which has paid the Debtor's tax debts.

698 F.2d at 1178. We note that the majority of courts that have addressed this issue have likewise held that a surety is entitled to subrogation under § 523(a)(1)(A).[8]

---

**4.** Specifically, the Bankruptcy Act provided that a "discharge in bankruptcy shall release a bankrupt from ... all of his provable debts ... except such as (1) are due as a tax ..." 11 U.S.C. § 35 (1964) (repealed). Section 523(a)(1) of the Bankruptcy Code states that a "discharge ... does not discharge an individual debtor from any debt for a tax...."

**5.** *Gilbert* relied on a Georgia law that permitted subrogation. Similarly, we note that the principle of subrogation is well recognized in Texas. Texas law provides that a surety "is subrogated to all of the judgment creditor's rights." Tex. Bus. & Comm.Code Ann. § 34.04 (Vernon 1990). The Texas Supreme Court has also held that a surety is subrogated to all of the rights of the original creditor:

> Because the surety promises to pay the debt of another, equity confers the right of subrogation. If the surety or party in the position of a surety pays the debt of the principal, the surety is subrogated to all of the rights, remedies, equities, and securities of the creditor.

*Crimmins v. Lowry,* 691 S.W.2d 582, 585 (Tex. 1985).

**6.** Now 507(a)(7), renumbered 1984.

**7.** Because decisions of the Fifth Circuit that were decided on or before September 20, 1981, are binding on the Eleventh Circuit, the *Waite* court necessarily had to address the same issue with respect to the precedential effects of *Gilbert. See, e.g., Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

**8.** *See, e.g., In re Norris,* 107 B.R. 592 (E.D.Tenn. 1989); *In re Trasks' Charolais,* 84 B.R. 646 (D.S. D.1988); *In re Cooper,* 83 B.R. 544 (C.D.Ill. 1988); *In re Zoglman,* 78 B.R. 213 (W.D.Wis. 1987); *In re Caffrey,* 77 B.R. 219 (W.D.Mo.1987); *In re Morris,* 31 B.R. 474 (N.D.Ill.1983); *In re Alloway,* 37 B.R. 420 (E.D.Pa.1984); *In re Hancock,* 36 B.R. 709 (S.D.Ill.1984); *In re Woerner,* 19 B.R. 708 (D.Kan.1982); *In re Gibbs,* 11 B.R. 320 (W.D.Mo.1981).

The Ninth Circuit is the one notable exception to this majority. *See, e.g., National Collection Agency, Inc. v. Trahan,* 624 F.2d 906 (9th Cir. 1980). The *Trahan* court expressly refused to follow our decision in *Gilbert.* 624 F.2d at 907–08. The court emphasized a general policy of the Bankruptcy Code was to grant debtors a fresh start. Nevertheless, it recognized an exception to this policy for taxes because of the "overriding need to assure tax collection by government entities." *Id.* at 907. The court reasoned that permitting a surety to assert the rights of the State would not promote the collection of taxes, and would actually run contrary to the policy of providing debtors a fresh start. *Id.* As a result, the *Trahan* court held that California surety law conflicted with federal bankruptcy law. *Id.*

We disagree. Because Texas required the bond specifically to secure payment of the taxes, we think the debt paid by the surety is a tax "of the kind" specified in § 506(a)(7). Furthermore, we do not see how the *Gilbert* holding interferes with the fresh start contemplated for debtors by the Code:

> [a] debtor's fresh start is not overburdened by excepting a surety's subrogation claim from discharge. The debtor's fresh start is the same; he owes the same amount of nondischargeable tax debt; the only difference is whether the debtor owes the debt to the government or the surety.

*In re Norris,* 107 B.R. 592, 596 (E.D.Tenn.1989).

## IV

Because Hartford has met its burden of proving that it is entitled to be subrogated to the nondischargeability rights of the State of Texas, the decision of the district court is

AFFIRMED.