**In re Michael Lynn ROSE and Francis Jean Rose, Debtors.**

**TRAVELERS INDEMNITY CO., Plaintiff,**

**v.**

**Michael Lynn ROSE, Defendant.**

Bankruptcy No. 90–30633–B.
Adv. No. 91–0441.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

April 21, 1992.

Michael P. Coury, Memphis, Tenn., for Michael Lynn Rose.

Scott A. Frick, Memphis, Tenn., for Travelers Indem. Co.

Norman P. Hagemeyer, Memphis, Tenn., Chapter 7 Trustee.

Julie C. Chinn, Memphis, Tenn., Asst. U.S. Trustee.

## MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT FILED BY TRAVELERS INDEMNITY COMPANY

WILLIAM H. BROWN, Bankruptcy Judge.

■ This cause is before the Court on the Motion For Summary Judgment filed by Travelers Indemnity Company ("Travelers"), the plaintiff in this adversary proceeding. The proceeding, which is core,[1] was commenced with the filing of a "Complaint Objecting To Dischargeability" against Michael L. Rose, the defendant-debtor in this proceeding. This complaint was filed after the debtors were granted a discharge; however, there is no time bar on the filing of a complaint to determine dischargeability under 11 U.S.C. § 523(a)(1). 11 U.S.C. § 523(c); F.R.B.P. 4007(b). At issue is whether Travelers' payment of a nondischargeable tax obligation on behalf of the debtor's Tennessee limited partnership entitles Travelers to be subrogated to the state's right to have the tax obligation held nondischargeable and, if so, whether Mr. Rose, as the general partner of the limited partnership, has a nondischargeable liability. The following constitutes findings of fact and conclusions of law pursuant to F.R.B.P. 7052 and 7056.

---

1. 28 U.S.C. § 157(b)(2)(I).

## FACTUAL SUMMARY

The record reflects that Mr. Rose and his wife filed a joint voluntary petition for Chapter 7 relief on November 26, 1990. The instant complaint is against Mr. Rose only. Previously, on April 24, 1990, Mike Rose Oil Co., L.P. ("partnership"), a Tennessee limited partnership of which Mr. Rose was the general partner, filed a voluntary petition for Chapter 11 relief. The Chapter 11 resulted in a confirmed liquidating plan.

Prior to its Chapter 11, the partnership was in the business of operating convenience stores which sold gasoline in Western Tennessee and Kentucky. Gasoline and petroleum products sales expose the seller to liability for certain petroleum taxes under Tennessee and Kentucky statutes. As such, the statutes of both states require that a seller of petroleum products, such as the partnership, post a bond in favor of the respective state's taxing divisions as a guaranty for the payment of any petroleum taxes, penalties and interest which might be assessed against the seller. *See* Tenn. Code Annot. § 67–3–104(a); Ky.Rev.St. Ann. 138.330(1). Such bonds were issued by Travelers on behalf of the partnership and in favor of the taxing divisions of Tennessee and Kentucky prior to the partnership's Chapter 11 filing. In exchange for the issuance of the bonds, the partnership, Mr. Rose individually, and others executed an indemnity agreement in favor of Travelers. Pursuant to the indemnity agreement, the partnership, Mr. Rose, and others agreed to indemnify Travelers for sums paid in accordance with the bonds on the partnership's behalf.

At the time the partnership's Chapter 11 was filed, petroleum taxes were due and owing to both Tennessee and Kentucky. Pursuant to its bonds, Travelers paid the Revenue Cabinet of the Commonwealth of Kentucky $25,996.42 and the Tennessee Department of Revenue $175,003.13 for the prepetition petroleum tax liabilities of the

debtor partnership.[2] Given these payments, it is Travelers' position that, in accordance with the indemnity agreement, applicable state partnership law and the nondischargeability provisions of the Bankruptcy Code, Mr. Rose is liable to Travelers for the petroleum taxes paid and such liability is nondischargeable. Mr. Rose disputes the assertion that he is liable or has a nondischargeable liability to Travelers for this claim.

## SUMMARY JUDGMENT

Summary judgment is to be granted in favor of a moving party when after consideration of the evidence presented by the pleadings, affidavits, answers to interrogatories and depositions, in a light most favorable to the non-moving party, there remain no genuine issues of material fact. F.R.B.P. 7056(c). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact. See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).

As set forth in the above factual summary, to which the parties agree, the facts are not in dispute here; rather, interpretation and application of the relevant law to these facts are in dispute.

## DISCUSSION

It is well settled that only individuals are eligible for debt discharge in the Chapter 7 bankruptcy context. 11 U.S.C. § 727(a)(1). Entities such as the partnership are not so eligible, and indeed, the partnership's confirmed Chapter 11 plan provides for the payment of Travelers' claim against that estate as a priority claim pursuant to agreement and estoppel. *See, In re Mike Rose Oil Co., L.P.*, Memorandum Opinion and Order On Objections To Claims Of Tennessee Department Of Revenue And Of Travelers Indemnity Company, *unpub.* BK. No. 90–23604–B (Bankr.W.D.Tenn., March 20, 1992).

It is equally well settled under the Bankruptcy Code that a claim for most taxes is nondischargeable. 11 U.S.C. § 523(a)(1) and § 507. There is no dispute here that the amount alleged to be nondischargeable by Travelers, i.e., the $175,000.13 paid to the State of Tennessee and the $25,020.86 paid to the Commonwealth of Kentucky, are amounts paid by Travelers for the partnership's *tax* liability. In fact, Mr. Rose confirmed this with respect to the Tennessee payment by virtue of his execution of a document styled "Affirmation For Taxes Due The State of Tennessee And Consent For Surety To Pay Claim" attached as Exhibit D to the complaint filed herein. Neither is it disputed that these taxes are excise taxes of the type described by 11 U.S.C. § 507(a)(7)(E) and are therefore nondischargeable under the Bankruptcy Code.

There thus being no question that Travelers' claim is one for taxes paid and that the taxes are of the type that are nondischargeable, the issue becomes whether Travelers, as a result of paying the partnership's nondischargeable tax debt is subrogated to the state's right to have the debt declared nondischargeable and, if so, whether Mr. Rose is individually liable therefor.

■ There is a split of authority among the Courts that previously have considered this issue. However, it is apparently the majority rule that co-debtors or sureties, such as Travelers, that have paid a nondischargeable tax debt are subrogated to the taxing authority's right to assert nondischargeability under 11 U.S.C. § 523(a)(1)(A). *See, e.g., In re Fields*, 926 F.2d 501, 504 (5th Cir.), *cert. den., sub. nom, Fields v. Hartford Cas. Ins. Co.,* —— U.S. ——, 112 S.Ct. 371, 116 L.Ed.2d 323 (1991); *In re Waite*, 698 F.2d 1177 (11th Cir.1983); *In re Norris*, 107 B.R. 592, 595 (Bankr.E.D.Tenn.1989); *In re Trasks' Charolais*, 84 B.R. 646, 652 (Bankr.D.S.D.

---

**2.** Although not at issue here, Travelers actually paid the State of Tennessee $214,000.00, i.e., the full penal sum of the bond in favor of Tennessee. The amount exceeding $175,003.13 constitutes postpetition penalties and interest on the taxes due.

1988); *In re Cooper*, 83 B.R. 544, 548 (Bankr.C.D.Ill.1988); *In re Zoglman*, 78 B.R. 213, 214 (Bankr.W.D.Wis.1987); *In re Caffrey*, 77 B.R. 219, 221 (Bankr.W.D.Mo. 1987). In reaching this conclusion, the majority of the courts cited above rely primarily on § 509(a) of the Bankruptcy Code which provides in pertinent part:

> ... an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment.

11 U.S.C. § 509(a); *see, e.g., In re Trasks' Charolais, supra; In re Cooper, supra.*

In contrast, the most recognized case which holds that no such subrogation rights are available for sureties relies upon the "federal bankruptcy policy favoring the discharge of debts." *National Collection Agency, Inc. v. Trahan*, 624 F.2d 906, 907 (9th Cir.1980). In that case, decided under the former Bankruptcy Act, the surety was attempting to have its claim for payment of the debtor's tax liability equitably subrogated to the taxing authority's tax claim under California law. The Ninth Circuit Court of Appeals held that the state subrogation law was in conflict with the overriding federal bankruptcy policy favoring dischargeability and would not be given effect. *Id.* at 908. A second case which reaches the same conclusion regarding the surety's subrogation rights simply states in its discussion of 11 U.S.C. § 523(a)(1) that, "as a matter of law, there is no subrogation of a tax claim ..." *In re Campbell*, 74 B.R. 805, 809 (Bankr.M.D.Fla.1987). No reason is stated for the *Campbell* Court's conclusion and its referenced authority, *In re DuBose*, 22 B.R. 780 (Bankr.N.D.Ohio 1982), addresses resolution of whether a claimant may be subrogated to the priority position of a taxing authority for purposes of distribution from the estate under 11 U.S.C. § 507(d) *rather than* for purposes of asserting a nondischargeable claim. *Id.* at 782 and 785.

In comparison to the claimant in *Trahan* that attempted to support its right of subrogation with state law, the claimant here, like those in the above cited "majority rule" cases, may look to 11 U.S.C. § 509(a) to support its claim for subrogation. The authority of § 509(a) likewise distinguishes this case from those involving subrogation of a claim for priority distribution purposes. *See, e.g., In re Tentex Marine, Inc.*, 83 B.R. 530 (Bankr.W.D.Tenn.1988). Distribution priority is not the issue in the present case. As such, the question becomes whether the claim here meets the requirements of subrogation under § 509(a) rather than § 507(d).

As set forth above, § 509(a) requires that in order to be subrogated to the rights of a creditor a claimant must have secured the creditor's claim or must have been liable with the debtor for its payment, and actually must have paid that creditor. In addition, whether a claimant meets these requirements or not, it may be disqualified from asserting subrogation rights if the exceptions of § 509(b) or (c) are applicable. These exceptions essentially provide that the claimant will not be subrogated to the rights of a creditor to which it has made payment if the claimant's claim for reimbursement or contribution against the debtor is allowed under 11 U.S.C. § 502, disallowed other than under 11 U.S.C. § 502(e), subordinated under 11 U.S.C. § 510, or if the claimant received the consideration for the creditor's claim. 11 U.S.C. § 509(b). Further, the subrogated claim is subordinated until the primary claim is paid in full. 11 U.S.C. § 509(c).

There is no evidence in the instant proceeding that Travelers has a claim for reimbursement or contribution in this case that has been allowed under § 502 or disallowed other than under § 502(e). Neither is there evidence that Travelers' claim is subject to subordination under § 510 or that Travelers received the consideration for the claims of the taxing authorities. In the partnership case, this Court has ordered Tennessee's remaining prepetition claim to be paid in full prior to payment on Travelers' claim. As a result, the Court must conclude that Travelers' claim is not excepted from subrogation by 11 U.S.C. § 509(b) or (c). Thus, the Court will return

to its consideration of whether Travelers' claim otherwise qualifies for subrogation.

In addition to the requirements of § 509(a) recited above, it is well settled that the alleged subrogee must not have acted as a volunteer in making the payment and the debt paid must be one for which the alleged subrogee was not primarily liable. *In re Bugos*, 760 F.2d 731, 734 (7th Cir. 1984); *In re Smothers*, 60 B.R. 733, 735 (Bankr.W.D.Ky.1986); *In re Lapille*, 53 B.R. 359, 361 (Bankr.S.D.Ohio 1985). The fact that Travelers did not make the tax payments voluntarily is clearly demonstrated by the record in the *Mike Rose Oil Co., L.P.* case, BK No. 90–23604–B. As a surety under Tennessee and Kentucky law, and by agreement with both the partnership and this debtor, Travelers was required to make said payment. Tenn.Code Annot. § 67–3–104; Kentucky R.S. § 138.330; Exs. A, B and C to complaint. Travelers' secondary liability, unlike that of the claimants in the *Smothers* and *Lapille* cases, *supra*, is likewise evidenced by the state law requirements and by Travelers' agreement with the debtor. *Id.* Further, as discussed above, it is undisputed that Travelers has in fact made the payments for which it asserts its right of subrogation. Ex. E to complaint. From these findings, it may be concluded that, in accordance with § 509(a), Travelers may be subrogated to the rights of the Tennessee and Kentucky taxing authorities, including their right to assert § 523(a)(1). However, because the taxes were paid on behalf of the partnership, the issues now become whether Mr. Rose is personally liable for the payments and is exposed to the exception from discharge.

■ As noted above, Mike Rose Oil Company, L.P. was a Tennessee limited partnership of which Mr. Rose was the general partner. The Tennessee Uniform Limited Partnership Act in effect when this partnership was formed [3] provides that "[a] general partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners ..." Tenn.Code Annot. § 61–2–109 (1980 version); *see* footnote 3. Under the Tennessee Uniform Partnership Act that governs partnerships without limited partners, a partner is "jointly and severally liable for everything chargeable to the partnership." Tenn.Code Annot. § 61–1–114. The tax obligations at issue here are unquestionably "chargeable to the partnership." Consequently, application of this statute, according to its terms, to the circumstances at bar renders Mr. Rose, as the partnership's general partner, personally liable for the payment of the tax obligations.

■ The Court has previously concluded that the claim of Travelers for the taxes paid may be subrogated to that of the taxing authorities in all nondistribution priority respects including the right to assert nondischargeability. Although a finding that Travelers' claim against Mr. Rose is nondischargeable may at first glance appear contrary to the fresh start policies of the Bankruptcy Code, the Code, by its terms, provides that an individual debtor who is liable for such an obligation is not entitled to discharge that obligation. 11 U.S.C. § 523(a)(1); § 509(a). As the Fifth Circuit stated, subrogation merely recognizes that "it is as if the taxes themselves have not been paid and are still due and, of course, are not dischargeable in bankruptcy." *In re Fields*, 926 F.2d at 504, quoting *Gilbert v. United States Fidelity & Guaranty Co.*, 180 F.Supp. 794, 796 (M.D.Ga. 1959), *aff'd. per curiam*, 274 F.2d 823 (5th Cir.1960). There was no offer of proof that Travelers, as a part of the bond premium, contracted to allow this debtor a discharge

---

**3.** The Tennessee Revised Uniform Limited Partnership Act became effective on January 1, 1989. The Mike Rose Oil Company, L.P. was formed on December 15, 1986. See, Answer to Interrogatory No. 2. Pursuant to the revised act, coverage thereunder was to occur upon an earlier formed limited partnership's election or term extension. Tenn.Code Annot. § 61–2– 1204(c) and (e). No evidence of the debtor's partnership's election or term extension is present here; thus, counsel for Travelers has provided the Court with the pertinent provision of the former Limited Partnership Act. The debtor's liability is the same under both Acts. Cf. Tenn.Code Annot. § 61–2–401(b).

of tax obligations, an argument which was not accepted by Judge Ralph H. Kelly. *In re Norris,* 107 B.R. at 596. Judge Kelly's conclusion is accepted by this Court's "adopt[ing] the view that the policy behind the dischargeability statute is better served by making the surety's claim nondischargeable to the extent the surety paid a nondischargeable tax." *Id.* This conclusion does not unduly interfere with the debtor's fresh start, which remains the same. "[The debtor] owes the same amount of nondischargeable tax debt; the only difference is whether the debtor owes the debt to the government or the surety." *Id.* Under the state law, Mr. Rose is liable for this obligation and nothing in the Bankruptcy Code dilutes this liability. Also, of significance in this case is the fact that Mr. Rose, as the general partner, signed the affirmation of liability referenced above, in which Mr. Rose, as to the Tennessee tax liability, consented to Travelers' payment and acknowledged "the subrogation rights of the Travelers Indemnity Company to the claim of the State of Tennessee ..." Affirmation For Taxes Due ..., p. 3, Ex. D to complaint. Mr. Rose is estopped from denying Travelers' subrogation right. Accordingly, it may be concluded that Travelers, as a matter of law, is entitled to a nondischargeable judgment against Mr. Rose in the amount of the prepetition taxes paid by Travelers less any amounts Travelers is paid on its claims through the Mike Rose Oil Company, L.P. plan of reorganization.

From these findings and conclusions, it is THEREFORE ORDERED that the motion of Travelers Indemnity Company for summary judgment on its complaint to determine dischargeability is granted giving Travelers a nondischargeable judgment in the amounts sought by its complaint less any amounts received through the Chapter 11 reorganization plan of Mike Rose Oil Company, L.P. The discharge previously granted to Mr. Rose is modified to delete from discharge the nondischargeable debt to Travelers. After payment of all available sums from the partnership case and after application of all credits, Mr. Frick shall present a judgment for the remaining nondischargeable debt of Travelers.

SO ORDERED.