**In re David W. ELLINGTON.**

**Wade, Inc., a corporation, Plaintiff,**

v.

**David W. Ellington, Defendant.**

**Bankruptcy No. 99–10599.**
**Adversary No. 99–1081.**

United States Bankruptcy Court,
N.D. Mississippi.

Sept. 12, 2000.

Robert G. Johnston, Cleveland, MS, for debtor.

Jeffrey R. Barber, Jackson, MS, Ralph M. Dean, Oxford, MS, Michele D. Mason, Houston, TX, Paul Mathis, Jr., Greenville, MS, D. Andrew Phillips, Oxford, MS, for creditors.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court are the following:

1. Motion for summary judgment filed by the defendant, David W. Ellington, referred to in this opinion as "debtor."

2. A motion to strike, or, in the alternative, a response to the motion for summary judgment filed by the plaintiff, Wade, Inc., referred to in this opinion as "Wade."

3. Rejoinder to the motion to strike, etc., filed by the debtor.

The court, having considered the aforesaid pleadings and the memoranda of law submitted by the parties, hereby finds as follows, to-wit:

## I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

## II.

### STATEMENT OF FACTS

The debtor purchased three items of farm equipment from Wade pursuant to the following contracts:

1. 4-row cotton picker, contract # 492422917-01, executed on February 7, 1995.
2. 5-row cotton picker, contract # 492422914-02, executed on April 19, 1996.
3. 8-row cultivator, contract # 492422917, executed on June 27, 1996.

The three contracts were assigned to John Deere Company, the financial division of Deere & Company, referred to in this opinion as "Deere Credit." Pursuant to the terms of a John Deere Agricultural Dealer Finance Agreement, the assignment of the three contracts was with full recourse against Wade. When the debtor defaulted in the payment of his contractual obligations, the contracts were reassigned by Deere Credit to Wade on April 6, 1999.

Prior to the reassignment to Wade, an employee of Deere Credit, Larry Long, contacted the debtor to discuss the payment of delinquencies that had arisen under the contracts. In an effort to avoid the immediate repossession of the equipment, the debtor, on October 2, 1998, delivered two postdated checks to Long. According to Wade's responses to requests for admissions, the checks were made payable to Deere Credit and were dated respectively, October 15, 1998, and October 20, 1998. According to Long's deposition testimony, the debtor represented that he would honor the checks through proceeds that he anticipated realizing from future crop sales. The checks were not honored. The debtor, however, retained possession of the equipment and used the two cotton pickers in harvesting his 1998 crop. The items of equipment were thereafter returned to Wade in early December, 1998.

Shortly after the debtor filed a voluntary Chapter 7 bankruptcy petition, Wade filed its complaint, pursuant to 11 U.S.C. § 523(a)(2), asserting that the debt, which had then been reassigned to Wade, should be excepted from discharge. Wade contends that it has sustained damages, totaling approximately $35,000.00, resulting from the depreciation to the two cotton pickers which were used by the debtor between October 2, 1998, and early December, 1998. No damages are claimed because of the retention of the cultivator which was not utilized during the harvest. Wade alleges that the damages were principally caused by the debtor's misrepresentations that he would honor the two postdated checks in consideration for the continued retention of the equipment.

In his motion for summary judgment, the debtor makes the following arguments:

1. That he made no representations which could legally be considered as fraudulent, including the delivery of the two postdated checks which were subsequently not honored, because the representations were promissory in nature and were based on events to be performed in the future.

2. That any representations that he made were to Larry Long, an employee of Deere Credit, and not to the plaintiff, Wade. As such, the debtor contends that his representations are not "imputable" as if they were made directly to Wade, nor could Wade have relied to its detriment on the representations.

The court will address each of these issues hereinbelow.

## III.

*SUMMARY JUDGMENT STANDARDS*

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

## IV.

*DISCUSSION*

*ISSUE NO. 1*

■ In order to establish that the obligation, owed by the debtor, should be ex-

cepted from discharge pursuant to 11 U.S.C. § 523(a)(2), Wade must prove the following elements:

1. The debtor made a representation.

2. The representation was false.

3. The representation was made with the intention of deceiving Wade.

4. Wade justifiably relied on the representation.

5. Wade sustained damages as a result of the representation.

In this proceeding, the debtor delivered two postdated checks to the representative of Deere Credit, indicating that he would timely honor these checks from funds to be generated from the sale of his crop. In consideration of these representations, the debtor was permitted to retain possession of the three items of farm equipment purchased from Wade, two of which were utilized thereafter in the harvest.

■ The debtor contends that any representations that he made were not fraudulent, in a legal context, because they were promissory in nature, i.e., they were promises predicated on future performance. The debtor's position is generally correct. However, there is an exception to the general rule if the debtor's promises were made with a present undisclosed intent not to perform in the future. This exception must be proved by Wade.

■ The debtor argues that the debt owed to Wade, which resulted from the three promissory notes mentioned hereinabove, could not have been predicated on any fraudulent representations that he might have made. While the three promissory notes are clearly the genesis of the debt owed to Wade, the complaint seeks recovery for the depreciation to the two

**474**

cotton pickers, i.e., the damage to the collateral which secured the debt. This depreciation, though tangentially related to the promissory notes, arose because of the debtor's continued use of the equipment. This was precipitated by Deere Credit's forbearance from immediately repossessing the equipment in consideration of the delivery of the two postdated checks. In the absence of being shown any pertinent authority from the Fifth Circuit Court of Appeals, this court is not convinced, as a matter of law, that damages resulting from forbearance cannot trigger a non-dischargeable debt, particularly when the forbearance was allegedly induced by fraudulent misrepresentations. Without question, Wade must prove each of the aforementioned five elements necessary to constitute fraud, and, in this case, the additional requirement that the debtor had the present undisclosed intent not to perform in the future when the representations were made. This will not be a simple task.

As to this issue, because material factual issues remain in dispute, the debtor's motion for summary judgment is not well taken.

### ISSUE NO. 2

■ The debtor has asserted that since his representations, which include the delivery of the two postdated checks, were made to an employee of Deere Credit, that the representations cannot be imputed to him insofar as Wade is concerned. In essence, the debtor contends that Wade has no cause of action against him because he made no representations to Wade.

This court is of the opinion that the case relied upon by the debtor, *Cook v. Children's Medical Group, P.A.,* 756 So.2d 734 (Miss.1999), is factually distinguishable. In *Cook,* the defendant medical practitioners failed to disclose to the parents of a child, in whose name the cause of action had been brought, the catastrophic effects caused to the child by a pertussis vaccination. In a concurring opinion, Justice Smith opined that the fraudulent representations made to the parents were not imputable to the medical practitioners insofar as a fraud cause of action on behalf of the child was concerned. No representations, fraudulent or otherwise, had been made to the child.

In the matter before this court, the debtor incurred three obligations with Wade which were assigned *with recourse* to Deere Credit. Clearly, the representations made by the debtor were not made directly to Wade, but to Larry Long, the representative of Deere Credit. When the debtor defaulted on the obligations, because of the recourse nature of the transactions, all rights and remedies held by Deere Credit were reassigned to Wade. Consequently, in the opinion of the court, the representations made to Long by the debtor should be considered as if they were made directly to Wade. The parties in this proceeding are postured by *contract* rights, unlike the *Cook* case. There, the misrepresentations were made to the parents of a child, and the concurring opinion simply pointed out that that did not create a separate and distinct *tort* cause of action for fraud in favor of the child. Here, the contractual interplay mandates a completely different result. *See, Hartford Casualty Insurance Company v. Fields (Matter of Fields),* 926 F.2d 501 (5th Cir.1991).

Therefore, as to this issue, the court concludes that the debtor's motion for summary judgment is not well taken as a matter of law.

An order will be entered consistent with this opinion.