In re Philip G. MENNA, Debtor.

**CENTURY 21 BALFOUR REAL ESTATE, Plaintiff,**

v.

**Philip G. MENNA, Defendant.**

Bankruptcy No. 92–20543.
Adv. No. 92–2083.

United States Bankruptcy Court, D. Maine.

March 9, 1993.

---

Daniel L. Cummings, Norman, Hanson & DeTroy, Portland, ME, for plaintiff.

John E. Geary, Portland, ME, for defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

This proceeding comes before the Court on cross-motions for summary judgment filed both by Plaintiff Century 21 Balfour Real Estate ("Balfour") and Defendant Philip G. Menna ("Menna"). The parties have presented stipulated facts, and each seeks a judgment as a matter of law, pursuant to F.R.Bky.P. 7056(c). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### FACTS

By this complaint, Balfour objects to the dischargeability of its claim against Menna, which is based on an indemnification judgment arising from the following facts. Years before the bankruptcy filing, Balfour represented Menna and his corporation in connection with the sale of his business and real estate to Robert E. Pawloski and Brenda G. Pawloski (the "Pawloskis"). After the Pawloskis instituted suit against both Menna and Balfour in connection with the sale, they obtained a judgment against Menna for fraud and were awarded $128,-500.00 in compensatory damages, as well as $25,000.00 in punitive damages. Balfour was found liable to the Pawloskis for negligent misrepresentation, and held jointly and severally liable with Menna for the compensatory damages. Later, Balfour successfully cross-claimed against Menna for indemnification of all sums awarded to the Pawloskis against Balfour.

On May 12, 1992, Menna filed a petition pursuant to 11 U.S.C. Chapter 7. By complaint filed August 13, 1992, Balfour seeks to have this claim for indemnification deemed non-dischargeable, pursuant to 11 U.S.C. §§ 523(a)(2)(A) for fraud and (a)(6) for willful and malicious injury. Both parties have now moved for summary judgment.

### DISCUSSION

Balfour does not contend that Menna defrauded or acted willfully and maliciously toward Balfour, but rather that the indemnification claim is *based upon* a debt obtained by Menna's fraud and his willful, malicious conduct toward the Pawloskis. Menna admits the Pawloskis' claim against him is non-dischargeable. However, to the extent that Balfour has already paid the compensatory damages, it urges this Court to prevent Menna from circumventing the provisions in § 523 by discharging the indemnification claim owed to Balfour. Otherwise, Balfour argues, Menna would effectively convert the non-dischargeable judgment debt owed to the Pawloskis into a dischargeable indemnification debt owed to Balfour.

Menna analyzes the situation differently by determining exactly what indemnification accomplishes. He reasons that the indemnification acted to transfer Balfour's judgment debt to him, citing *Northeast Bank of Lewiston & Auburn v. Murphy,* 512 A.2d 344 (Me.1986) for the proposition that "indemnity is a 'total and complete transfer of liability ...'" *Id.* at 351, *quoting Gardner v. Murphy,* 54 Cal.App.3d 164, 168, 126 Cal.Rptr. 302, 304 (1975). Because Balfour's obligation to the Pawloskis was for *negligence,* Menna correctly contends that as transferee of this liability, he cannot be held liable for fraud nor willful, malicious injury.

The docket in the underlying state court suit by the Pawloskis reflects the order granting Balfour's cross-claim, and simply enters judgment "in favor of [Balfour] and against [Menna] for indemnity of all sums awarded to the Plaintiff against [Balfour] and for [Balfour's] costs and attorneys fees arising out of this action." *Docket* No. CV89–550, Entry on May 3, 1991. The state court ordered indemnification only on those claims arising out of Balfour's liability to the Pawloskis on the negligence claim, and therefore the state court judgment is limited to negligence. Because the state court did not find that Menna defrauded or willfully and maliciously injured Balfour, and Balfour does not assert any

independent bases for non-dischargeability, judgment in this proceeding must be entered for Menna.

Policies of equity and fairness are not being undermined by this decision. Balfour is not being held responsible for *Menna's fraud,* but for its *own* negligence. Menna has sought the protection of title 11 without suggestion that his filing was in bad faith or in some way dishonest. "The elements necessary to support actions relating to discharge (§ 727), or dischargeability (§ 523), must be strictly construed ..." *In re Lopez,* 39 B.R. 433, 436 (Bankr. D.R.I.1984); *In re Shrader,* 55 B.R. 608, 610 (Bankr.W.D.Va.1985). Because Balfour's claim does not fall squarely within one of the exceptions to dischargeability, summary judgment must be granted in favor of Menna.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall issue.

### ORDER

Upon the motions for summary judgment filed by Century 21 Balfour Real Estate ("Balfour") and Philip G. Menna ("Menna"), and pursuant to a Memorandum of Decision of even date herewith, the parties having stipulated to all material facts, this Court concludes that Menna is entitled to a judgment as a matter of law, and therefore it is hereby

ORDERED that the Motion for Summary Judgment filed by Menna is granted and the Motion for Summary Judgment filed by Balfour is denied.