USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1767 IN RE PHILIP G. MENNA CENTURY 21 BALFOUR REAL ESTATE, Plaintiff, Appellant, v. PHILIP G. MENNA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ____________________ Daniel L. Cummings, with whom Norman, Hanson & DeTroy was on ___________________ ________________________ brief for appellant. John E. Geary for appellee. _____________ ____________________ February 10, 1994 ____________________ CYR, Circuit Judge. Plaintiff-appellant Century 21 CYR, Circuit Judge. _____________ Balfour Real Estate ("Balfour") commenced an adversary proceeding to determine whether its claim against defendant-appellee Philip G. Menna is dischargeable in bankruptcy. The bankruptcy court ruled against Balfour, the district court upheld the ruling, and we now affirm. I I BACKGROUND BACKGROUND __________ Menna retained Balfour to sell his business. Following the sale, the buyers, Robert and Brenda Pawloski, brought a state court action against Menna and Balfour for fraud and negligent misrepresentation, respectively, and Balfour cross-claimed against Menna for equitable indemnification. The jury found Menna and Balfour jointly and severally liable and awarded the Pawloskis $128,500 in compensatory damages. The state court entered judgment for Balfour on its cross-claim for indemnification against Menna because Balfour's mere negligence made it less culpable than Menna, whose conduct had been found fraudulent. The Pawloskis thereafter recovered $110,000 from Balfour on their judgment. After Menna filed a voluntary chapter 7 petition, Balfour commenced an adversary proceeding against Menna to have its $110,000 indemnification claim against Menna declared nondis- chargeable, pursuant to Bankruptcy Code 523(a)(2)(A) (debt 2 "for money . . . to the extent obtained by . . . actual fraud") and 523(a)(6) (debt "for willful and malicious injury by the debtor to another entity"), 11 U.S.C. 523 (a)(2)(A), (a)(6) (1993). On the cross-motions for summary judgment the bankruptcy court ruled that Balfour's indemnification claim is discharge- able, see Century 21 Balfour Real Estate v. Menna (In re Menna), ___ ______________________________ _____ ____________ 152 B.R. 5, 6 (Bankr. D. Me. 1993), and the district court summarily affirmed. II II DISCUSSION DISCUSSION __________ A. Standard of Review A. Standard of Review __________________ We review the grant of summary judgment de novo, __ ____ employing the same standards incumbent on the bankruptcy court, in order to determine whether "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Gaskell v. The Harvard Coop. _______ __________________ Soc'y, 3 F.3d 495, 497 (1st Cir. 1993) (quoting Fed. R. Civ. P. _____ 56(c)); see also Fed. R. Bankr. P. 7056. Although all reasonable ___ ____ inferences are to be drawn in favor of the nonmoving party, "[a]s to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." Ralar _____ Distribs., Inc. v. Rubbermaid, Inc. (In re Ralar Distribs., ________________ ________________ ________________________ 3 Inc.), 4 F.3d 62, 67 (1st Cir. 1993); see also Milton v. Van Dorn ____ ___ ____ ______ ________ Co., 961 F.2d 965, 969 (1st Cir. 1992). ___ B. Applicable Law B. Applicable Law ______________ Exceptions to discharge are narrowly construed in furtherance of the Bankruptcy Code's "fresh start" policy and the claimant must show that its claim comes squarely within an exception enumerated in Bankruptcy Code 523(a). See Commerce ___ ________ Bank & Trust Co. v. Burgess (In re Burgess), 955 F.2d 134, 136-37 ________________ _______ _____________ (1st Cir. 1992); see also Werner v. Hofman, 5 F.3d 1170, 1172 ___ ____ ______ ______ (8th Cir. 1993); LSP Inv. Partnership v. Bennett (In re Bennett), ____________________ _______ _____________ 970 F.2d 138, 148 (5th Cir. 1992); Stackhouse v. Hudson (In re __________ ______ ______ Hudson), 859 F.2d 1418, 1425 (9th Cir. 1988). Section 523(a)(2)- ______ (A) excepts from discharge "any debt . . . for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation, or actual fraud." Bankruptcy Code 523- (a)(2)(A), 11 U.S.C. 523(a)(2)(A).1 The complaint alleges that Balfour's claim against Menna is "based on indemnification," and "thus based upon [Menna's] fraudulent conduct toward the _____ ____ ______ ___ Pawloskis," as evidenced by the Pawloskis' fraud judgment against _________ Menna. (Emphasis added.) Section 523(a)(6) further excepts from discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." Id. 523(a)(6), 11 U.S.C. 523(a)(6). The complaint alleges ___ ____________________ 1The claimant in a nondischargeability proceeding under 523(a)(2)(A) must prove fraud by a preponderance of the evi- dence. See Grogan v. Garner, 498 U.S. 279, 287-90 (1991). ___ ______ ______ 4 that Balfour's indemnification claim is "based upon [Menna's] _____ ____ malicious conduct toward the Pawloskis," as evidenced by the ______ ___ _________ Pawloskis' $25,000 punitive damages verdict against Menna. (Emphasis added.) Balfour concedes, however, that it presented no competent evidence that Menna either acted with malice toward, ______ or intended to defraud, Balfour.2 _______ Balfour principally complains that the bankruptcy court failed to recognize that section 523(a) does not require a showing that the claimant was the direct or immediate target of ______ _________ the debtor's fraudulent intent or malicious conduct. Therefore, it argues, since Menna exposed both Balfour (Menna's equitable ____ indemnitee) and the Pawloskis to the $128,500 loss, Balfour's claim for equitable indemnification is one "for money . . . ___ obtained by [the debtor's] actual fraud," or "for willful and ___ malicious injury by the debtor to another entity." Were it otherwise, Balfour says, dishonest debtors like Menna who embroil less culpable third parties like Balfour in their fraudulent schemes could easily subvert the Code's central strategy of restricting the "fresh start" discharge to "honest but unfor- ______ tunate" debtors. Local Loan Co. v. Hunt, 292 U.S. 234, 244 _______________ ____ (1934) (emphasis added); see also Brown v. Felsen, 442 U.S. 127, ___ ____ _____ ______ ____________________ 2We are not persuaded by Balfour's contention that it should have been given an opportunity to prove that Menna's fraudulent intent or malicious conduct was directed toward Balfour. The ________ ______ _______ district court correctly noted that the complaint made no such allegation, nor did Balfour assert such an argument before the bankruptcy court. See Mark Bell Furniture Warehouse, Inc. v. ___ ____________________________________ D.M. Reid Assocs., Ltd. (In re Mark Bell Furniture Warehouse, ________________________ ______________________________________ Inc.), 992 F.2d 7, 9 (1st Cir. 1993) (arguments not raised in ____ bankruptcy court cannot be raised for first time on appeal). 5 128 (1979) (same); H.R. Rep. No. 595, 95th Cong., 1st Sess. 125, reprinted in 1978 U.S.C.C.A.N. 5963, 6086 (same). _________ __ We conduct plenary review of the bankruptcy court's construction of the legislative language "debt for" em- ployed in Bankruptcy Code 523(a). The Travelers Ins. Co. v. _______________________ Cambridge Meridian Group, Inc. (In re Erin Food Servs., Inc.), _______________________________ ______________________________ 980 F.2d 792, 799 (1st Cir. 1992). First, we underscore that section 523(a) does not employ the terms adopted in Balfour's paraphrase "debt based upon" nor does the statutory lan- guage remotely suggest that nondischargeability attaches to any claim other than one which arises as a direct result of the debtor's misrepresentation or malice.3 Moreover, Balfour cites no case in which it has been argued, let alone decided, that the nonfraud-based indemnification claim of an entity whose negli- gence has combined with the fraud of its joint tortfeasor to cause injury to a third party is nondischargeable in the bank- ____________________ 3The parties devote considerable attention to whether both the Balfour and the Pawloski "claims" derive from the same ____ "debt," or from two distinct "debts." However, neither the ________ Bankruptcy Code's austere definitions, see Bankruptcy Code ___ 101(11), 11 U.S.C. 101(11) ("debt" is "liability on a claim"), 101(4)(A), 11 U.S.C. 101(4)(A) ("claim" is "a right to payment, whether or not such right is reduced to judgment"), nor the broad pronouncements on the common law principles of equitable indemnification, see Northeast Bank of Lewiston & ___ _______________________________ Auburn v. Murphy, 512 A.2d 344 (Me. 1986), afford helpful insight ______ ______ into the substantive concerns presently at issue. We will not reverse a bankruptcy court's grant of discharge relief except for reasons both "real and substantial." See In re Burgess, 955 F.2d ___ _____________ at 137. 6 ruptcy of the fraudulent tortfeasor.4 Given the strict con- struction afforded all dischargeability exceptions under section 523(a), see In re Burgess, 955 F.2d at 137, we have been provided ___ _____________ with neither authority nor reason to extend the statutory lan- guage as urged by Balfour. Second, Balfour wrongly presumes that exceptions to discharge serve only to penalize the debtor. Rather, as a function of its essentially equitable nature, a nondischarge- ability determination under section 523(a) is designed concomi- tantly to protect the inculpable creditor, cf. H.R. Rep. No. 595, __________ ___ supra, at 130, reprinted in 1978 U.S.C.C.A.N. at 6091 ("The _____ _________ __ premise of [ 523(a) (2)(B)] is that a creditor that extended credit based on misinformation or fraudulent information trans- mitted by the debtor should be protected.") (emphasis added). ______ __ _________ Thus, the legislative purposes served by sections 523(a)(2) and 523(a)(6) are at once retributive and protective. ___ __________ Section 523(a)(2) requires showings by the claimant that (1) the debtor knowingly or recklessly made a material misrepresentation with intent to deceive the creditor; and (2) the creditor "reasonably" relied on the misrepresentation to its ______ ____________________ 4Balfour asserts neither subrogation rights nor assignment of the Pawloskis' nondischargeable claim. See, e.g., Bankruptcy ___ ____ Code 509(a), 11 U.S.C. 509(a); McCain Foods, Inc. v. Gerard, __________________ ______ 489 A.2d 503, 504 (Me. 1985) (state law doctrine of equitable subrogation). Compare, e.g., In re Fields, 926 F.2d 501, 504 _______ ____ ____________ (5th Cir.) (creditor who pays debtor's taxes is subrogated to IRS's nondischargeable claim under 523(a)(1)), cert. denied, _____ ______ 112 S. Ct. 371 (1991), with National Collection Agency, Inc. v. ____ _________________________________ Trahan, 624 F.2d 906, 907 (9th Cir. 1980) (reaching opposite ______ result under Bankruptcy Act). __________ ___ 7 detriment. In re Burgess, 955 F.2d at 140; see also Longo v. ______________ ___ ____ _____ McLaren (In re McLaren), 3 F.3d 958, 961 (6th Cir. 1993) (reli- _______ ______________ ance must be the "proximate cause" of claimant's loss). If section 523(a)(2) had been intended simply to deter all bad faith ___ conduct by the debtor irrespective of its effect upon the partic- ____________ __ ___ ______ ____ ___ _______ ular creditor, as Balfour's argument impliedly assumes, there ____ ________ would have been no need to condition the creditor's right to a nondischargeability ruling on a showing of reasonable reliance.5 Even assuming arguendo that an equitable indemnitee's vicarious ________ injury might satisfy the first constituent element of the "fraud" test under section 523(a)(2), thereby generally establishing bad _________ faith or misconduct on the part of the debtor, Balfour nonethe- less must make the "reasonable reliance" showing required under section 523(a)(2) that it reasonably and detrimentally __ relied on Menna's misrepresentations.6 ____________________ 5The legislative history of the Bankruptcy Reform Act of 1978 confirms that 523(a)(2)(A) deliberately abandoned a purely ______ retributive purpose. Bankruptcy Act 17a.(2), as amended, 11 __ _______ U.S.C. 35(a)(2) (1964), the predecessor to 523(a)(2), con- tained no explicit requirement that the creditor's reliance be "reasonable." See BancBoston Mortgage Corp. v. Ledford (In re ___ __________________________ _______ _____ Ledford), 970 F.2d 1556, 1559 (6th Cir. 1992), cert. denied, 113 _______ _____ ______ S. Ct. 1272 (1993). Moreover, under former Bankruptcy Act 14c.(3), as amended, 11 U.S.C. 32(c)(3), obtaining money or __ _______ credit on a materially false financial statement constituted a ground for denial of the debtor's general discharge, not merely _______ for establishing the nondischargeability of the particular debt or debts incurred as a consequence of the fraudulent conduct. See Philip Shuchman, The Fraud Exception in Consumer Bankruptcy, ___ __________________________________________ 23 Stan. L. Rev. 735, 739 (1971). 6Just as 523(a)(2) requires that the debtor's fraud be assessed in light of its effect upon the creditor, section 523(a)(6), which simultaneously uses the phrase "debt for" in reference to an analogous form of debtor "misconduct" (i.e., ____ malice), must require that an indemnitee make some minimal 8 C. Summary Judgment C. Summary Judgment ________________ Reasonable reliance is an issue of fact, see Coston v. ___ ______ Bank of Malvern (In re Coston), 991 F.2d 257, 260-61 (5th Cir. ________________ _____________ 1993) ( 523(a)(2)), on which Balfour would have borne the burden of proof at trial. Yet it presented no evidence whatever from which the bankruptcy court could have determined whether Balfour actually or reasonably relied on Menna's misrepresentations when it communicated the unspecified misinformation about the pending sale to the Pawloskis. Indeed, the record is even devoid of evidence of the circumstances surrounding the November 1987 sale transaction, the nature, duration or history of the Menna-Balfour business relationship, or whether Balfour might have detected or thwarted Menna's misrepresentations by "minimal investigation." See BancBoston Mortgage Corp. v. Ledford (In re Ledford), 970 ___ __________________________ _______ ______________ F.2d 1556, 1560 (6th Cir. 1992) (summarizing various indicia of "reasonable" reliance under 523(a)(2)), cert. denied, 113 S. _____ ______ Ct. 1272 (1993). Moreover, Balfour may well have been collaterally estopped from litigating the "reasonableness" of any reliance on ____________________ evidentiary showing that its injury was not proximately caused by ___ its own intervening conduct. See In re La Flamme, 14 B.R. 21, 25 ___________ _______ ___ _______________ (Bankr. 1st Cir. 1981) (the meaning of a particular Code section must be discerned from an examination of the overall structure _______ and policy of the statutory provision). Since Balfour produced no evidence which would permit an assessment of the contribution its own intervening conduct made to its injury, see infra Section II.C, we need not define with ___ _____ precision the level of creditor "inculpability" required under section 523(a)(6), nor distinguish that standard from the "rea- sonable reliance" showing required under section 523(a)(2). 9 Menna's misrepresentations. See 1B James W. Moore, Jo D. Lucas, ___ Thomas S. Currier, Moore's Federal Practice 0.419 [3.-4], at _________________________ 649-50 (2d ed. 1992); Grogan v. Garner, 498 U.S. 279, 287 (1991) ______ ______ (collateral estoppel applies in 523(a) proceeding where prior judgment required same or greater burden of proof). Under Maine law, the Pawloskis' negligent misrepresentation claim against Balfour required proof that, inter alia: (1) Balfour supplied _____ ____ information to the Pawloskis as "guidance" in their business transaction, (2) the Pawloskis justifiably relied on the informa- ___________ ______ tion; and (3) Balfour failed to exercise reasonable care or __________ ____ __ competence in obtaining or communicating the information." __________ Jordan-Milton Mach., Inc. v. F/V Teresa Marie, II, 978 F.2d 32, _________________________ ____________________ 36 (1st Cir. 1992) (citing Chapman v. Rideout, 568 A.2d 829 (Me. _______ _______ 1990) (adopting Restatement (Second) of Torts 552(1))). Balfour argues, nonetheless, that collateral estoppel does not bar its claim because the requisite "reasonable care" showing for negligent misrepresentation under Maine law, and the "reasonable reliance" showing required under section 523(a)(2)- (A), are not necessarily coextensive; that is, the former con- cerns Balfour's duty to the Pawloskis, not its duty to Menna. Even so, Balfour gains nothing. If the two legal standards do diverge, as Balfour argues, the two state court judgments simply are not probative of Balfour's "reasonable reliance,"7 and ____________________ 7Balfour's judgment for indemnification against Menna did not necessarily depend on whether Balfour's reliance was "reason- ___________ able" but on whether Balfour was less culpable than Menna. See ____ ___ Northeast Bank, 512 A.2d at 350-51. ______________ 10 Balfour had the burden of producing some competent evidence from which the bankruptcy court could find reasonable reliance. On the other hand, if the standards do not diverge, collateral ___ estoppel barred Balfour's present contention as a matter of law. See Ralar, 4 F.3d at 67. ___ _____ Affirmed. Affirmed. ________ 11